## WILLIAMS & BLAIR *vs.* JAMES CHILDRESS.

The probate court, on a petition to sell land to pay the debts of the intestate, must confine its action to the case and object set out in the petition.

The court cannot, at the hearing, abandon the case presented by the petition, and order the sale for another object, as such sale would be without notice, and not binding on those interested in the land.

The special replication does not set forth any matter which will estop the purchaser from making the defence set up in the pleas. *Duncan* v. *Lane*, 8 S. & M. 744, cited, and declared not applicable to this case.

IN error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

James Childress, as administrator of Thomas Meeks, deceased, brought suit against R. P. Williams and A. C. Blair, on a note given by them for the sum of one hundred and fifty dollars.

The defendants filed three pleas, the substance of which is, that the note sued upon, with one other, was given for a quarter section of land, lying in Tippah county, which land was sold by the said Childress, as administrator of said Thomas Meeks, deceased, by virtue of an order of the probate court of Tippah county; which order the said pleas allege to have been obtained without giving due notice to the parties, as is required by law, and that the sale for this reason was void, and no con-

sideration passed between the parties, and that, therefore, there is no consideration for the note sued upon.

The replications to these pleas admit the irregularity of the sale, but set up, that at said sale the said land was bid off by one Daniel Cuthbert, for the sum of three hundred and two dollars, and that the said Cuthbert not being willing to give bond and security, the said R. P. Williams took the bid of the said Cuthbert, and executed the said note sued upon, with one other, for the payment of the same, with defendant, Blair, as security for the same; and that the plaintiff then executed a title deed to the said Williams for the said land, and the said Cuthbert then paid the said Williams three hundred and two dollars in cash for the said land, and took a title deed from said Williams for said land, as a favor to the said Williams; that he has not been evicted from the same, and is fully satisfied with his title.

To these replications there was a demurrer, setting forth that the new matter set up in the replications showed an illegal contract. This demurrer was sustained by the court, and the plaintiff required to reply over. Issue was then joined to these pleas, and the case submitted to a jury, and a verdict was rendered for the plaintiff. There was a motion for a new trial, and to the overruling of this motion the plaintiff in error prayed a writ of error.

*O. Davis,* for appellants.

This court has decided, on various occasions, that the probate record must show affirmatively every fact required to give the court jurisdiction. See *Gwin* v. *Mc Carroll,* 1 S. & M. 368; *Laughman* v. *Thompson,* 6 Ib. 269; *Planters Bank* v. *Johnson,* 7 Ib. 449.

In the case last cited, the precise point raised in this plea, was the defect there shown to the court, which was decided fatal.

The record of the probate court, in this case, does not show that any such citations were set up, and the testimony of Hunt shows that it is a complete record of every paper in his office.

The clerk of the probate court testifies, that the papers in his

office contained no answer of any kind from any person.    *Commercial Bank of Manchester* v. *Marlin,* 9 S. & M. 613.

The sale is illegal, because the law only authorizes a sale by the administrator to the highest bidder, not to one who may be substituted to such bid.    Hutch. Code, 667.    And in such case the administrator would lose the benefit of the statutory lien, it being nothing more than a private sale.    Hutch. Code, 675, § 3.

This court has decided the plea of failure of consideration without eviction, in a case like the present, is good.    *Pucket* v. *McDonald,* 6 How. 269.

The case of *Lane* v. *Duncan,* 8 S. & M. 744, which will be cited by opposing counsel, is not applicable to this case, it having been determined upon a different state of facts.

*Jackson* and *Price,* for appellee.

There can be nothing invalid in this contract, even though the probate court acted without sufficient authority to order this sale, provided the party in possession of the land is satisfied with the sale, and the title he has obtained; and we are utterly at a loss, to see how the court below could have found a pretext for sustaining the demurrer to these replications. This court, in an almost precisely similar case to the one set up in these replications, refused to disturb the sale of the purchaser of the vendee of an irregular administrator's sale.    *Duncan et al.* v. *Lane,* 8 S. & M. 744.    And we submit, that all the reasoning in that case to sustain the consideration of the notes, applies in full force in this case.

The *gravamen* of all the decisions in this court, on this subject, is, that the party purchasing the lands gets no title, and, therefore, there is no consideration for the notes given for the land.    But if the purchaser has sold what title he did get, and has got full pay for the same, and his vendee is satisfied with his purchase, and does not wish to go back into an inquiry as to the original sale by the order of the probate court; we submit, if he is not the only person interested in the matter, if he has not a right to say he is satisfied with his purchase and title, and if that does not constitute a consideration; and further, if

this court is not going further than it has ever gone, to declare, that, to be satisfied with a trade one has made, is an illegal contract.

It is stated in the case of *Brown* v. *Campbell*, 6 How. 235, that the heirs must have notice either actual or constructive. If the heirs by guardian answer, they certainly have notice. None of the cases decided by the court, from *McCarroll* v. *Gwin* to the present time, are cases where answers were filed by the guardian *ad litem*.

The record in this case shows, that the petition filed for the sale of land embraced both classes of cases, for the payment of debts, and the interest of the heirs ; and though the notice proven as published, was not sufficient in the one case, it was more than sufficient in the other. A notice of publication for three weeks to pay debts, is all that is required; certainly the major proposition will include the minor, and though the proceedings are informal for the sale, for the payment of debts, yet they are not void.

Our statute, (Hutch. Code, 728,) makes the notice to a guardian *ad litem*, sufficient notice.

*J. F. Cushman*, on the same side.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error recovered a judgment in the circuit court of Tippah county, upon a writing obligatory, executed by the plaintiffs in error, to secure part of the purchase-money for a tract of land sold by the defendant in error, as administrator of Thomas Meeks, at public sale, under an order of the probate court of said county.

A motion was made for a new trial, which was overruled by the court, when a bill of exceptions was taken, embodying the evidence, which, on the part of the defence, consists mainly of the records of said probate court. From which it appears, that the administrator, on the 8th day of September, 1847, filed his petition in said probate court, praying for a sale of the said land, for the purpose of paying the debts of the intestate, and for division, &c., whereupon a citation was ordered to be pub-

lished in two newspapers, and to be made returnable to the following November Term of said court. It also appears, that the court, on the first day of November, ordered a sale of said land, on the ground that it would promote the interest of those interested in the same.

It thus appears, that the administrator petitioned the court for a sale of the land, for the purpose of paying debts, and for division, and that the court ordered the sale for a different purpose.

The citation which was issued, specified the purpose for which the sale was prayed. It was, therefore, only notice for this purpose. The heirs were not notified to attend court to resist the sale, except for the payment of debts, or for division. They may have attended, and successfully defended themselves against this application, for any thing that appears in the record, as it is certain that the court did not grant the application to sell the land, either to pay debts or for division. As to this last object, to sell for division, it may be regarded as surplusage, it being a matter not properly under the jurisdiction of the administrator, and the statute having prescribed a mode of proceeding different from an application to sell land to pay debts. Hutch. Code, 667, § 102.

The probate court, on a petition to sell land to pay the debts of the intestate, must confine its action to the case before it. It cannot, at the hearing, abandon the case presented by the petition, and order the sale for another object, as such sale would be without notice; and, therefore, not binding on those interested in the lands.

As to the case made by the special replication, we will only remark, that they do not set forth any matter which will estop the purchaser from making the defence in his pleas. The case does not fall within the rule laid down in *Duncan* v. *Lane*, cited by counsel.

Judgment reversed, and cause remanded.