## T. J. FARRIS ET AL. v. J. M. GILBERT.

1. PROBATE SALE.—It is no valid objection to proceedings in the Probate Court that they consist of an application for an order to sell part of a land certificate, order to sell land, report of sale of half interest in the certificate, and confirmation of sale. Said proceedings constitute a sale on payment of the purchase-money.

2. EVIDENCE.—An application acted upon may be looked to, to explain an order made upon it for sale of property.

3. DEED—DESCRIPTION.—If from the whole instrument the thing sold can be clearly and certainly identified, a misdescription in some parts of it will not invalidate a deed as a conveyance.

4. RIGHT OF PART OWNERS OF LAND CERTIFICATE.—A sale of a part of a land certificate, (as, a half interest,) gives the vendee the right to locate such interest for himself, under the law allowing two surveys to be made upon a certificate.

5. IMPROVEMENTS IN GOOD FAITH.—Where defendant evidently knew of the existence of the title under which plaintiff recovered, before taking possession, and such title was evidently good, it is not error to refuse the value of improvements.

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

January 7, 1874, James M. Gilbert brought an action of trespass to try title in the ordinary form, in the District Court of Red River county, against Isham Farris, for a tract of three hundred and twenty acres of land, "a part of the original survey located and patented by virtue of the headright certificate for twelve hundred and eighty acres of land granted by the board of land commissioners of Red River county to the heirs of Joseph Farris." The field-notes of the survey were also given.

Pending the suit Isham Farris died, and Martha Farris, his widow, and his children, Thomas, Newton, William, Robert, and Joseph Farris, were made parties. One W. H. Garner, a purchaser of Isham Farris of part of the tract, was made defendant.

The defendants demurred, and pleaded not guilty and

limitation of three years.   Garner suggested improvements in good faith under the statute.

Plaintiff read in evidence patent for six hundred and forty acres to Joseph Farris; proceedings of the Probate Court of Red River county in the administration of estate of Joseph Farris; inventory of property, showing as the only property a claim for a twelve hundred and eighty acres certificate; application to sell part of same; order of sale directing sale of land of the estate; report of sale of half interest in the certificate and order confirming sale; the administrator's deed to William T. Montgomery, the purchaser, for six hundred and forty acres of the headright certificate of Joseph Farris, deceased.

Title deeds were shown from Montgomery down to the plaintiff.   It was shown, also, that Montgomery located the six hundred and forty acres, part of which was in controversy, and claimed it during his life.

There was a discrepancy between the number and date of the Joseph Farris twelve hundred and eighty acres headright certificate as given in the patent, and in the deed of the administrator.

The order of sale was objected to, because, ordering a sale of land, it was no authority to sell the certificate.

The defendants proved that Isham Farris was one of the heirs of Joseph Farris, and had bought the interest of three other of the heirs; that he had insisted that the administrator's deed was invalid, because he could prove that one of the purported witnesses to it had never signed it as witness, and that the signature was a forgery.   He had counselled with attorneys about it.   He took possession of the land in 1872 and made valuable improvements, as did also defendant Garner on the part purchased by him.   The deeds under which plaintiff claimed were on record before defendant entered upon the land.   Garner testified that he thought he had a good title.

· Judgment was rendered for the plaintiff and defendants appealed.

*Easton & Hodges,* for appellants.—The discrepancies in the title exhibited by the plaintiff should have been explained in the petition. In absence of such explanation, the testimony to the errors in description and in explanation should have been excluded.

The order of sale was made under the act of 1841, and purports to order the sale of land, and not a land certificate. In fact, according to the statement in the patent, this unconditional certificate was not issued until January, 1846. It is true that the transcript sets out the date of certain certificates issued immediately preceding and succeeding the certificate under which the appellee claims. By the records of this land board, this was done on the 5th of July and 6th of September, 1841; and it appears that on the 2d of August, 1841, a conditional certificate was issued to the heirs of Joseph Farris for twelve hundred and eighty acres of land. It also appears that on the 5th of September, 1842, a conditional certificate for six hundred and forty acres was issued to the heirs of Joseph Farris; and we here call the attention of the court to the dates and numbers of these certificates.

Now, it seems to us that the discrepancies in the dates, numbers, and quantity of land are important as a matter of evidence in a case of this sort. The inventory refers to twelve hundred and eighty acres of land. The petition for the sale calls it the headright certificate of the deceased. The order of sale is for so much of the lands, &c. The report · of sale is a land certificate for six hundred and forty acres.

The deed from John Morton, the administrator, to Wm. T. Montgomery is for one-half of a certificate, the headright of said Farris, number 814, second class, dated July 5, 1841, &c.

None of these numbers or dates of the issuance of these certificates correspond with the dates and numbers of the certificate upon which the patent is issued.

Our action of trespass to try title, as to petition, differs widely from all other actions known to our law or practice. The plaintiff is not required to state any facts except that he is the owner of the land, and that the defendant has ousted him, took possession, and has committed trespass thereon. In other words, the plaintiff is not required to set out his title, and the defendant has no notice from the petition on what title the plaintiff relies. He may, to be sure, examine the records of the county and learn what he may from them; but then he is not assured that the title he finds there is the one on which the plaintiff relies. Hence, in this case, the pertinency of these exceptions and the error of the court in admitting the evidence are made manifest.

All that the petition says is that the land is " a part of the original survey located and patented by virtue of the head-right certificate for twelve hundred and eighty acres of land granted by the board of land commissioners of Red River county to the heirs of Joseph Farris, deceased."

Now, of what do the records—all the records of Red River county—inform the defendants? They tell them that a patent was issued on conditional certificate number 237, issued on the 4th of October, 1838, and an unconditional (number 53) was issued in January, 1846. They find a conditional certificate for six hundred and forty acres issued to the heirs of Joseph Farris, and a conditional and unconditional certificate for twelve hundred and eighty acres issued to the heirs of Joseph Farris, neither of which is of the date or number stated in the patent. They find that the administrator of Farris' estate sold a six hundred and forty acres certificate to Wm. T. Montgomery, and that he made him a deed to the one-half of a certificate, &c., and that neither the date nor the number corresponds with the patent, nor does it correspond with the date or number of any certificate issued by the land board.

We admit the full force of the maxim, *certum est quod certum redi potest;* but can it be applied in a case like this so as

to admit evidence the effect of which is to correct the mistakes in the numbers, dates, and identity of the certificate under which the plaintiffs claim title, without some averment in the pleadings setting up such mistakes and discrepancy ?

The principle that every material traversable fact must be alleged in order to admit the necessary proof has often been adjudicated in this court. (Mims *v.* Mitchell, 1 Tex., 443; Guffey *v.* Moseley, 21 Tex., 409.)

In Barnes *v.* Hardeman, 15 Tex., 366, the plaintiff was not allowed to attack the defendant's deed for fraud in the absence of a charge of fraud in the petition. The case of Pleasants *v.* Dunkin, 47 Tex., 353, admits a patent to be read in which there was a discrepancy in the date of the issuance of the Davis certificate, because and only for the reason that the patent had been made an exhibit to the petition. How different is this case ! Here is a patent read without objection, but it was not an exhibit. Then the plaintiff proposes to connect himself with this patent by the proceedings of a Probate Court, and by a transfer to his remote vendor of a certificate, the date and number of which do not correspond with the patent, and he is permitted to do this without any averment of fraud, mistake, or accident. We think this is error, especially in an action of trespass to try title.

*Sims, Wootten & Chambers,* for appellee, cited Soye *v.* Maverick, 18 Tex., 100; Melton *v.* Turner, 38 Tex., 81; Hudson *v.* Jurnigan, 39 Tex., 585; Bartlett *v.* Cocke, 15 Tex., 478; Poor *v.* Boyce, 12 Tex., 449; Vaughan *v.* Holmes, 22 Ala., 593; Pleasants *v.* Dunkin, 47 Tex., 357; Simmons *v.* Blanchard, 46 Tex., 270; Hollingsworth *v.* Holshousen, 17 Tex., 44; Berry *v.* Wright, 14 Tex., 270; Bridges *v.* Cundiff, 45 Tex., 441; Stanley *v.* Epperson, 45 Tex., 645; Fowler *v.* Stonum, 6 Tex., 70; Andrus *v.* Pettus, 36 Tex., 109; Burleson *v.* Burleson, 15 Tex., 424; Sayles' Treat., art. 184; Story's Eq. Pl., sec. 74; Paschal's Dig., 5300; Houston *v.* Sneed, 15 Tex., 310; Saunders *v.* Wilson, 19 Tex., 194; Dorn *v.* Dun-

ham, 24 Tex., 380; Powell *v.* Davis, 19 Tex., 382; Ragsdale *v.* Gohlke, 36 Tex., 286; 1 White's Recop., 92.

MOORE, ASSOCIATE JUSTICE.—The objection to the reading of the administrator's report of the sale of six hundred and forty acres of the certificate issued to the heirs of Joseph Farris, deceased, under which the land in controversy was surveyed and patented, was properly overruled. The only objection taken to it was that the order of the court author- izes the sale of land, and not a certificate for land. Where it is necessary to do so, we may, unquestionably, look to the application for the proper interpretation and understanding of the order made by the court upon such application. If we do so in this case, we find that the administrator asked for an order to sell the certificate, or so much of it as might be necessary to enable him to pay the claims against the estate of the intestate, alleging in his application that the estate owned no other property, of any character or descrip- tion whatever, except said certificate. The court indicates its action upon this application by an order in these words:

"This day came John Morton, administrator of the estate of Joseph Farris, deceased, and filed his report upon said estate, together with a petition for a sale of so much of the lands belonging to said estate as shall be sufficient to pay the debts against said estate, as prayed for in said administrator's peti- tion. Therefore it is ordered by the court that said adminis- trator have leave to sell the same."

Now, looking at and considering the order of the court in connection with the report and application upon which it was made, we think there can be no hesitancy in saying that the court intended to, and did in fact, authorize a sale as applied for by the administrator; that, whether correctly or not, the court, or clerk by whom the entry was made, supposed the certificate entitling the estate to land might, in a broad and liberal sense, be regarded and spoken of "as the lands belong- ing to the estate." But, be this as it may, it is clear from the

order that it was the property referred to by the administrator as belonging to the estate, and not something that it did not own, that leave was given the administrator to sell. If there was a defect in the order of sale, if the sale was ratified and approved by the court,—and to this no objection seems to have been made,—the title of the purchaser cannot be brought in question on this account in a collateral proceeding. (Williams *v.* Childress, 25 Miss., 78; Freeman on Void Judgment Sales, sec. 11.)

The court did not err in admitting in evidence the deed from the administrator of Farris' estate to W. T. Montgomery for the interest in or portion of the certificate purchased by him. The legality of the sale and validity of the purchaser's title were not dependent upon the accuracy of the recitations of the date and number of the certificate given in the deed for the description and identity of the certificate sold and conveyed to him by the administrator. The subject of sale was one-half of the certificate issued to the heirs of Joseph Farris, deceased, by the board of land commissioners of Red River county. A title to a certificate certainly passes by a deed otherwise identifying it, though neither its number nor date is mentioned. Although the deed may in these respects improperly describe the subject of the sale, if from the whole instrument the certificate intended to be conveyed can be clearly and certainly identified, it is all that is required. Unless the deed was void, it was certainly admissible in evidence to prove title in the grantee.

When one person owns the entire certificate he may have two separate surveys made upon it. If the owner sells one-half of a certificate before the location of any part of it he must be held to have authorized the location by the purchaser of his interest in a single survey. It would be unreasonable to hold the purchaser bound to incur the expense and trouble of locating and procuring patent upon the entire certificate to make available his portion of it. Nor would it be just or proper to say that he could bind the owner of the

other part of the certificate by a location which might be valuable to him, but worthless to any one else.

The improvements made upon the land by appellants appear, from the statement of facts, to be large and valuable. But we cannot say that the court below erred in not allowing them compensation for them. Isham Farris, the original defendant and father of appellants, seems to have been fully informed of the nature and character of appellee's title before he went upon the land. He did not impeach or question appellee's title upon the ground of objections urged against it by appellants. These objections seem to be altogether an after-thought.

The judgment is affirmed.

Affirmed.