## J. W. D. CHALK ET AL. v. FOSTER & BLESSING.

### (No. 858.)

LOST INSTRUMENTS. — Evidence admissible to substitute lost trans-
fer that was an ancient instrument.

EVIDENCE. — A witness who, in company with a clerk in land office,
hunted for lost papers, permitted to testify.

CHARGE OF COURT. — Where the court fails to charge all the law
of the case, but the same is correct as far as it goes, and no
charge is asked to supply the deficiency, judgment will not be
reversed on that ground.

ERROR from Harris county.  Opinion by WATTS, J.

STATEMENT.— Appellees instituted this suit against appel-
lants as the heirs of Ferdinand Bell, deceased, October 5,
1872, to substitute a transfer of a land certificate claimed
to have been exercised by said Ferdinand Bell to Isaac W.
Burton in 1838, and claimed to have been lost or mislaid.
The case made was that Bell, in 1838, transferred his head-
right certificate No. 495 for a third of a league to Burton;
that Burton, the same year, had transferred the same to
Dr. Ashbel Smith, and that he had the same located upon
the land in controversy, the field-notes returned to the land
office, and that in 1845 patent was issued in the name of
Bell and delivered to Dr. Smith; that appellees were the
owners of the land by mesne conveyances from Dr. Smith;
that the transfer from Bell to Burton had been lost or
mislaid and could not be found; that Bell had died, and
appellants, taking advantage of the loss of said transfer,
were asserting a claim to the land as heirs of Bell.  Prays
that the transfer be substituted, and for judgment quieting
their title and possession as against defendants.

Appellants answered by general denial, and claiming the
land as heirs, etc., of Bell, and limitation of ten years and
stale demand.  The trial which was had April 6, 1874, re-
sulted in a verdict and judgment for appellees substituting
the transfer and quieting their title to the land.  That
judgment is before the court by writ of error.  The errors
relied on are sufficiently noticed in the opinion.

OPINION.— That the court erred in admitting as evidence the power of attorney from Holbrook to Gould & Street, on the ground that there was no sufficient description of land given, is assigned as error.

David Ayers, as trustee for the "Life. Insurance and Trust Company of Florida," conveyed the lands in controversy, with other lands, to Holbrook, by deed dated January 4, 1861. The power of attorney from Holbrook to Gould & Street bears date March 8, 1871, and authorizes and empowers them as his agents to sell and convey the lands situated in Harris county, lately conveyed to him by David Ayers, trustee. The deed from Ayers as trustee to Holbrook, by reference and otherwise, gives a sufficient description of the land in controversy.

The general rule is, that if the description of the premises given in the deed affords sufficient means for ascertaining and identifying the premises intended to be conveyed, this will sustain the conveyance. And if the description is doubtful, the true location of the land may be rendered certain by reference to other conveyances mentioned in the deed. Berry v. Wright, 14 Tex., 270; Martindale on the Law of Conveyancing, 76.

The power of attorney was admissible in evidence unless it was void for want of description. Ferris v. Gilbert, 50 Tex., 356. As the land mentioned in the power of attorney could be located and identified by reference to the deed therein named, the instrument must be considered as valid and admissible as evidence.

J. H. Bowers, in answer to interrogatories, testified that he lived with Dr. Ashbel Smith at and before 1845; had charge of his papers, and attended to his business; that he was not acquainted with Bell, but he knows there was a transfer from Bell to Burton; that he got the patent out of the office for Smith in 1845; that when he called for it the commissioner told him that it had been issued, and that if witness had been there the day before the patent would have issued to Dr. Smith, as assignee; " consequently the

transfer must have been in my hands at the time, and it is likely I left it inadvertently with the certificate at the office in Austin."

This evidence was objected to by appellants because it tended to prove contents of lost instruments without proper predicate being laid, and did not tend to prove the execution of the instrument by Bell, and also impertinent and calculated to mislead the jury.

There were two affidavits on file of the loss of the transfer, and some evidence of the loss was introduced by appellee, which appears to be a sufficient answer to the first objection. The evidence shows that if the transfer had been executed by Bell to Burton, as claimed, that it was done in 1838, and if produced upon the trial would, as an ancient instrument, have been admissible without proof of its execution; and it would seem that in an action to substitute such a transfer, that any evidence tending to show that, in fact, the same once existed and was then lost or mislaid, would be admissible. Notwithstanding the witness did not see the transfer executed, still he had seen it in Dr. Smith's possession, and says that he knows there was such an instrument in existence.

It does not appear that this evidence was misleading, or likely to be misunderstood by the jury; it seems that he did not remember whether he had the transfer or not at the time he received the patent for Dr. Smith, but he refers to what occurred between the commissioner and himself as a circumstance tending to show that he did have it.

The objection to the evidence of the witness, Foster, as to a search in the land office for the missing transfer, is not well taken. It appears that the witness went there to have the search made, and that he and the clerk, designated by the commissioner, made the search; that the clerk would take down the packages to be examined and that the witness would examine the same, and that they failed to find it. Now while it might have been more satisfactory to have produced also the evidence of the clerk as to the search

in addition to that of the witness, still that would not render the evidence objected to inadmissible. It does not appear that the commissioner ever made any examination for the instrument; therefore that ground of objection would be unavailing, as he does not appear to have known anything of the fact then to be proved. Foster was present and aided in the search, and we know of no principle of law that would preclude him from testifying as to the result of that search; true he was not the custodian of the records, but he was permitted by the commissioner to make the search with one whom it is supposed was well acquainted with the routine of the office and familiar with the records.

It is objected to the evidence of Dr. Ashbel Smith, which relates to the existence of the alleged transfer from Bell to Burton, that it was not admissible, as it is claimed that the loss of the instrument had not been satisfactorily shown. An examination of the evidence fails to support this objection. There was evidence in the record sufficient to sustain a verdict affirming the loss of the instrument, and this being true, that objected to was properly admitted.

The particular objection to the third paragraph of the charge is not pointed out by the assignment. An examination of the same does not disclose any error of law. Clearly the suit was not for specific performance, but was a proceeding to substitute a lost instrument, and it is not perceived that limitation had any application to it. As far as it went the law was properly applied to the case made by the evidence. It may have been defective in not going further and submitting other matters, but there was no charge asked supplying the deficiency, if any. And it is well settled that where the court fails to charge all the law of the case, but that the same is correct as far as it goes, and no charge is asked supplying the deficiency, the judgment will not be reversed on that account.

The charges asked and refused had no application to the case made by the pleadings and evidence; the questions

involved therein have been discussed and disposed of in passing upon the admission of evidence.

A full examination of the evidence disclosed by the record does not sustain the assignment that the verdict is not supported by the same, for upon a consideration of the evidence it seems to us that the verdict of the jury is right.

There is no such error disclosed by the record as ought to work a reversal of the judgment; on the contrary, it appears that substantial justice was attained by the trial.

We conclude that the judgment ought to be affirmed.