C. L. MYERS ET AL. v. W. S. JONES, ADMINISTRATOR.

No. 230.

1. **Jurisdiction of County Court — Land Certificate.** — Where suit was brought in the County Court to establish title to a land certificate, and pending suit the certificate was located, the court was thereby deprived of jurisdiction in the matter, as it is without constitutional power to adjudicate the title to land.

2. **Administrator of Husband—Right to Attack Sale by Widow.** Where a widow sells her interest in a land certificate of her deceased husband, his administrator, for want of privity, has not the right to attack her transfer thereof on the ground of fraud or want of consideration in its procurement.

3. **Land Certificate—Right of Joint Owner to Separately Locate His Part.**—Where the owner of an undivided interest in a land certificate locates for himself no more than his interest, he is entitled to all the land he so locates, and not simply his proportionate share of it.

4. **Evidence — Certificate of Clerk of Court.** — The fact that certain papers have not been filed in the office of a clerk of a court, can not be established in a suit by the ex parte certificate of that officer, but such fact must be proved by him as a witness in the usual way.

5. **Administrator's Right to Recover Land Sold by Heir.**—Where an administrator seeks to recover land of a purchaser from the heir, he must show affirmatively that the land is needed for purposes of the administration, such as the payment of creditors.

APPEAL from Wichita.    Tried below before Hon. GEORGE E. MILLER.

*Robert E. Huff,* for appellants.— 1. An unlocated land certificate is personal property, and the County Court of Milam County, where said suit was filed, had jurisdiction, and the exclusion of its decree was error in this case.    Parker v. Spencer, 61 Texas, 155; Stone v. Brown, 54 Texas, 330; Const., art. 5, sec. 16; Rev. Stats., arts. 1161, 1162.

2. While certified copies of a record are the best evidence of what the record contains, yet the absence of any record may also be shown by the certificate of the custodian of records.

3. If the facts show that at the time of the location of a survey of land, the locator intended it to be for the benefit of himself as owner, and designates that fact with certainty, then such location will enure to the separate benefit of the joint owner of the certificate making the location,

unless the act of locating is inconsistent with the rights of the other joint owners of the certificate.   Farris v. Gilbert, 50 Texas, 356; Glasscock v. Hughes, 55 Texas, 479; Kirby v. Estill, 75 Texas, 484;. Kirby v. Estill, 78 Texas, 426.

*Carrigan & Hughes*, for appellee.

HEAD, Associate Justice.—This suit was instituted by appellee, as administrator of the estate of Jesse Mumford, deceased, to recover of appellants the title and possession of the 65 acres in controversy, which was located and patented by virtue of a 1280 acres certificate, issued to said Jesse Mumford under the Act of March 15, 1881.   Appellants claim under an alleged verbal transfer of this certificate by the grantee in his lifetime to Fowler, Kerr & Co.   Also, under a written transfer to the same parties, made by Eldora Mumford, surviving wife of the grantee, after his death.   Also, under a judgment of the County Court of Milam County in favor of said Fowler, Kerr & Co. against the surviving wife and heirs of Jesse Mumford, purporting to establish their title to the certificate by reason of their verbal purchase aforesaid.   The suit in which said judgment was rendered was instituted before the location of the certificate and before administration upon Mumford's estate, but the decree was not rendered until after appellee was granted letters of administration, nor until after the location of the land in controversy.   This land was located by the appellant Huff, for himself, under the belief that his vendors were the owners of the entire certificate.

We incline to the opinion that the judgment rendered by the County Court of Milam County after the location of this land, although the suit was commenced before such location, was a nullity as to it, and there was therefore no error as to its exclusion by the court below.   The language of the Constitution is, that the County Court shall not have jurisdiction of any suit "for the recovery of lands, nor of suits for the enforcement of liens upon land;" and we think that after the location of the certificate, that suit became, in effect. a suit for the recovery of land, of which the County Court no longer had jurisdiction.   This, of course, does not apply to that part of the certificate unlocated at the time of the rendition of the judgment.

We think the court erred in submitting to the jury any question as to the validity or effect of the transfer from Eldora Mumford to Fowler, Kerr & Co.   This transfer was in writing, and upon its face would have the effect to convey all her interest in the certificate, and the administrator of her husband would have no right to assert fraud or want of consideration in its procurement.   Either she or those in privity with her must do this.   Appellants must therefore in this suit be treated as owning her interest in the certificate at the time of its location; and as this

interest was much more than the land in controversy, we think it follows that the court erred in charging the jury that the defendants would in no event be entitled to more than one-third of the land by reason of this transfer.

The general rule is, that where the owner of an undivided interest in a land certificate locates no more than his interest for himself, and pays the expense of such location and procuring the patent, this is in effect a partition, and he is entitled to all of the land, and not simply his proportionate share. Farris v. Gilbert, 50 Texas, 356; Glasscock v. Hughes, 55 Texas, 479; Kirby v. Estill, 78 Texas, 426. This is not in conflict with the holding, that when a part of the certificate has already been located for all of the tenants, one of them can not repudiate his interest in such location and locate the remainder for himself. Kirby v. Estill, 75 Texas, 479.

The court did not err in refusing to admit in evidence the certificate of the county clerk of Bell County, that no claims had been filed against the estate of Jesse Mumford. These officers are authorized to give certified copies of their records (Revised Statutes, article 2252), but we find no statute making their ex parte certificates as to facts not existing admissible in evidence. The keeper of the records should be used as a witness in the usual way to prove that an instrument has not been filed. Edwards v. Barwise, 69 Texas, 84.

But in this case, was the burden on appellants to make this proof? In Mitchell v. DeWitt, 20 Texas, 294, it is very clearly held, that a surviving wife has the right to sell her interest in the land, subject, however, to the right of the administrator of the husband to subject it to the payment of debts and the expense of administration. In that case the contest was between the purchaser from the wife and a purchaser at the administrator's sale, and the latter was held to have the superior right. No question was raised as to the burden of proof in a suit brought by the administrator to recover the land from a purchaser from an heir.

In Morris v. Halbert, 36 Texas, 19, the controversy was also between a purchaser from the administrator and a prior purchaser from the heir, and the latter was held to have the better title, upon the ground that the estate was solvent, and it was the duty of the administrator to first appropriate all the other property, and had this been done, there would have been no necessity for the sale of the land in question. The opinion in that case perhaps goes further in some respects in placing the burden upon the purchaser from the administrator, where there has been a sale by him under orders of the proper court, than we would be disposed to approve; and certainly goes further than it is necessary for us to go to hold, that where the administrator before sale seeks to evict a purchaser from the heir, he should show affirmatively that the land he seeks to recover is needed for the purposes of the administration.

In Chubb v. Johnson, 11 Texas, 469, the administratrix sued to recover land she had sold as sole heir while the administration was pending, and it was held she could not recover, because she neither alleged nor proved that the land would be needed to pay debts of the estate; and in answer to the suggestion that the court should presume debts from the fact of an administration still pending, it was held, that inasmuch as the administration had been pending for nearly three years at the time the sale as heir was made, the presumption would be that there were no debts.

Appellee, it seems, was appointed administrator of the estate of Jesse Mumford in March, 1885, and his petition in this case was not filed until December 29, 1890, and if appellants are able to sustain their claim as purchasers from the wife, before appellee can take the land from them he must show that it will be necessary to satisfy prior claims under administration proceedings. In other words, he must recover it for the benefit of creditors of the estate, and not for heirs who could not recover in their own names. The claims of creditors of the estate, if any there be, would be superior to that of a purchaser from an heir, and if the administrator shows that he represents this class he could recover as against appellants' claim under Eldora Mumford; but if appellants located their part of the certificate derived from Eldora Mumford upon the land in controversy so as to entitle them to all of it under the circumstances hereinbefore indicated, their claim would be superior to that of the other heirs of the estate; and if the administrator only represents such heirs in this suit, he should not be allowed to recover against those having a better right.

The other assignments of error need not be considered.

We conclude the judgment of the court below should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 18, 1893.