Alejos Garza et al. v. The State.

No. 2375. Decided February 26, 1902.

1.—Deposition of Witness in Criminal Case—State Can Not Take.

The State can not take the deposition of a witness in a criminal case.

2.—Joint Offenders—Verdict.

On a joint prosecution of several defendants, a verdict finding them guilty and assessing their punishment at three years in the penitentiary was a separate verdict as to each, and authorizing a judgment against and sentence of each for said penalty.

3.—Argument of Counsel—Practice on Appeal.

Objections to remarks of the prosecuting attorney, not reserved by bill of exceptions but simply stated as one of the grounds in the motion for new trial, will not be considered on appeal.

4.—Theft of Cattle—Evidence Sufficient.

See opinion for facts summarized, which the court holds amply sufficient to establish a case of cattle theft.

Appeal from the District Court of Nueces. Tried below before Hon. Stanley Welch.

Appeal from a conviction of cattle theft; penalty, three years imprisonment in the penitentiary.

The indictment charged Alejos Garza, Manuel Dominguez, and Mauricio Garzia jointly with the theft of the cattle. They were jointly tried, and the verdict of the jury was: "We the jury find the defendants guilty as charged in the indictment and assess their punishment at three years confinement in the State penitentiary."

*R. B. Creager,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellants, Alejos Garza, Manuel Dominguez, and Mauricio Garcia, were convicted of cattle theft. The indictment alleged the possession in E. B. Raymond, who was holding the same for the owner Mrs. H. M. King, and negatives the consent of both. Mrs. King was sick at the time of the trial, and had been for some time. She was therefore unable to attend the court, and did not testify. The evidence further shows that Raymond had had the actual care, control, and management of the property for years; that the particular ranch of which he had control was located in Cameron County. Mrs. King resided in Nueces County, at the city of Corpus Christi, and was about 70 years of age. Counsel for appellant argued to the jury that, in the absence of Mrs. King, the State should have taken her deposition, in order to prove her want of consent to the taking. In this connection the court charged the jury, "You are instructed the depositions of a witness in a criminal case can not be taken by the State through its prosecuting officers," and to this appellant interposed objec-

tion. In view of the argument and under the circumstances, we believe the court was correct in giving the instruction. The State can not take the deposition of a witness in a criminal prosecution. Cline v. State, 36 Texas Crim. Rep., 320.

The verdict of the jury found defendants guilty, and assessed their punishment at three years confinement in the penitentiary. The court entered judgment on this verdict of three years against each of the defendants and so pronounced the sentence. Exception was reserved to this on the theory that it was a joint verdict, and not a separate verdict, as to each. Some of the older cases so hold, but this has not been the rule since the case of Mootry v. State, 35 Texas Crim. Rep., 457; Polk v. State, 35 Texas Crim. Rep., 495; and especially see Davidson v. State, 40 Texas Crim. Rep., 285.

The fifth ground of the motion for new trial complains of the remarks of the district attorney. This is simply made a ground of the motion, and is not reserved by bill of exceptions. Nor is it in any way verified, except by this statement in the motion. The same may be said with reference to what is stated in the fourth ground of the motion for new trial in regard to the complaint there made, that the district attorney, in his closing address, read parts of the evidence in another case, and in connection therewith the opinion of another court, for the purpose, as stated by said district attorney, of showing the jury that they could disregard the evidence of twelve witnesses who testified for said defendant on said trial. This was not verified by bill of exceptions, and is simply stated as a ground of the motion.

It is further contended that the evidence is not sufficient to support the conviction. The jury gave credence to the evidence of the witnesses for the State. They testified to a state of facts which places it beyond any question that the animals taken were the property of Mrs. King, and under the control of Raymond. They saw defendant take the six animals; they were the calves of the cows with Mrs. King's brand upon them; there were no other cattle in the pasture except Mrs. King's. Defendants threatened the lives of one or more of these witnesses should they divulge what they had seen, and wanted their promise not to inform against them. This evidence, without going into details, makes very clear an unquestioned case of theft. The judgment is affirmed.

'Affirmed.'