HARDING et al. v. JESSE DENNETT, Inc., et al. (No. 8209.)

Court of Civil Appeals of Texas. San Antonio. May 1, 1929.

Rehearing Denied May 29, 1929.

Davis E. Decker, of Raymondville, for appellants.

Faulk & Abney, of Brownsville, and R. F. Robinson, of Raymondville, for appellees.

COBBS, J. Appellee sued J. E. Schlottman for debt and for foreclosure of a chattel mortgage lien on a Dodge automobile. Thereafter a writ of sequestration was issued and the automobile was levied upon by the sheriff of Willacy county. A replevin bond was executed by J. E. Schlottman, and appellants herein, W. A. Harding and S. L. Gill, signed the bond as sureties. The bond was approved and the car surrendered.

The cause was heard by the court, and defendant Schlottman having failed to appear, judgment by default was rendered against him in favor of Jesse Dennett, Inc., for its debt, interest, and attorney's fees; the amount of the debt being $969.32, with 10 per cent. interest from date of judgment until paid, and attorneys' fees in the sum of $96.93. And the chattel mortgage lien on the Dodge automobile was ordered foreclosed.

The judgment recited the sequestration of the Dodge car by the sheriff and the execution of a replevin bond in the sum of $1,500, by J. E. Schlottman with W. A. Harding and S. L. Gill as sureties; and found the reasonable market value of the automobile to be $900 at the time the bond was given. The court further found that since that time, due to ordinary use, wear, and tear, the reasonable market value of said car has been reduced to $450. Judgment was rendered by the court that Jesse Dennett, Inc., recover of J. E. Schlottman and his sureties, W. A. Harding and S. L. Gill, jointly and severally, the sum of $900 with interest at the rate of 6 per cent.; with the provision that if the defendant Schlottman or his sureties "deliver into the hands of the Sheriff of Willacy County, Texas, said mortgaged property, within ten days from date hereof, then the judgment herein rendered against said sureties shall be reduced by the

sum of $450.00 herein found to be the present value of said mortgaged property and the balance, viz., the sum of $450.00, shall be collected as against said sureties, as in ordinary cases under execution." The sureties have appealed.

■■ In answer to the first proposition assigned: The court may render judgment on a replevin bond against all the obligors on the bond for the value of the property replevied at the time of the execution of the replevin bond. The court having found the value of the property and the extent of the injury, a judgment was properly entered against the obligors upon such findings, jointly and severally, for all damages and injury to the mortgaged property after the date of the replevin and up to the time of trial, and the second proposition is overruled.

■ The third proposition is overruled, for whether pleading or proof shows the payee in a bond had notice as to conditions or agreement between sureties or principal, the sureties are not discharged by the breach of the conditions or agreement, if any, so it was not error for the court to render judgment against the sureties on the replevin bond in excess of $450, the value of the car at the date of the trial.

■ The fourth proposition is overruled. It makes no difference that a replevin bond is for the delivery of sequestered property; neither notice nor pleading is required to support a judgment against the sureties on such bond where the plaintiff prevails in the suit; and any excess of such amount may be recovered.

■ In answer to the fifth proposition, that a slight variance in description of mortgaged property is shown between the pleading and proof: If the property is otherwise described so as to be identified, the variance should be disregarded.

Where numerous descriptive marks and words are used in connection with the mortgaged property, the so-called variance as to nonessential descriptive mark appears in the proceedings, such variance is to be regarded as wholly immaterial if the description used is of such certainty as to identify and distinguish it from property of a like kind.

■ The levy of a writ of sequestration creates no lien; it merely constitutes a judicial deposit in the custody of the court for its ultimate disposal.

■ When possession of sequestrated property is permitted by the officer to remain with the defendant, the liability of the sureties is fixed, and they are estopped to claim the delivery of the property is not shown due to the failure of the sheriff to note on his return the taking of such bond and the surrender of such property.

The depreciation in the value of the sequestered property was caused by its use, and to care for the property and deliver it without injury or damage was one of the necessary obligations of the bond. The court determined all necessary obligations of the bondsmen.

■ The judgment in this case clearly shows, and the proof established the fact, that the car has depreciated still more in value than the amount found by the court, and the appellee could not complain and seek to hold the appellants for any sum greater than the said sum of $450, the difference between the value of the car at the date of the replevin and the date of trial. In the case of Wandelohr v. Grayson County Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046, Justice Williams, delivering the opinion of the court, said: "Sureties upon a bond given to replevy property in a sequestration proceeding must leave the conduct of the litigation to, and abide by, the judgment rendered against the principal, for the reason that that is precisely what they undertake to do." Even though errors were committed against their principal, they cannot avail themselves of such errors.

■ It is immaterial that there were names of other sureties called for in the bond, but did not execute it. As to them, their names may be laid out of sight and not be considered as sureties at all.

The sureties who signed the bond cannot be heard to deny their obligation, for "as men bind themselves they must stand bound."

■ The car was sufficiently described without the manufacturer's serial number.

We find nothing new or striking in this case. We have examined and considered each and every error assigned. We overrule each assignment of error. No new question or error is pointed out that should cause a reversal, and the judgment of the trial court is affirmed, with costs of appeal taxed against appellants.