## BURTON v. PERRY.
### No. 1244.

Court of Civil Appeals of Texas. Waco.

Sept. 15, 1932.

Rehearing Denied Nov. 3, 1932.

Chamberlain & Jasper and Lee R. Stroud, all of Dallas, for appellant.

Benj. Chilton, of Dallas, and Butler, Price & Maynor, of Tyler, for appellee.

GALLAGHER, C. J.

This suit was instituted in the district court of Dallas county by appellant, Jerry A. Burton, against Baldwin Motor Company, a corporation, in trespass to try title to recover a certain tract of land situated in said county. Appellant alleged that said motor company was claiming title under a sheriff's deed to the property sued for, executed in pursuance of a levy and sale under an execution issued out of the county court of Smith county, Tex., in a suit in which said Baldwin Motor Company was plaintiff and H. F. Kahle was defendant, and in which judgment was rendered against said Kahle as principal and appellant and another as sureties on said Kahle's replevy bond. The Baldwin Motor Company was thereafter adjudged a bankrupt, and appellee, Edward F. Perry, was appointed trustee of its estate. He, with leave of the court, made himself a party defendant in the cause in lieu of said corporation. He pleaded not guilty, and by cross-action sought judgment against appellant for the title and possession of the land sued for.

The case was tried to the court, and judgment rendered that appellant take nothing and that appellee, as trustee in bankruptcy of the estate of Baldwin Motor Company, bankrupt, recover of appellant the title and possession of the land sued for.

Opinion.

Appellant presents a group of assignments in which he contends that the judgment rendered against him as one of the sureties on the replevy bond of the defendant Kahle was interlocutory only and wholly insufficient to support an execution, because said replevy bond was signed by three sureties and judgment was rendered thereon against the principal and only two of said sureties. He further contends therein that the levy of the execution issued on said judgment, the sale made by the sheriff of Dallas county thereunder, and the deed executed by said sheriff purporting to convey the property sued for to said Baldwin Motor Company, were all void because not based upon a valid final judgment. Appellee introduced in evidence copies, duly certified by the clerk of the county court of Smith county, of the original petition, affidavit, and bond for sequestration, writ, of sequestration, sheriff's return thereon, replevy bond, and the judgment rendered by the county court of Smith county. He also introduced a certified copy of the answer filed by the defendant Kahle in said suit, and of certain entries made by the court on his docket in said cause. Said certified copy of the replevy bond showed that the same was signed by H. F. Kahle, as principal, J. R. Tipton, J. R. Denny, and appellant, Jerry Burton, as sureties. Attached thereto were copies of affidavits of solvency made by appellant, Burton, and said Denny. The proceedings shown by said certified copies were regular in every respect except that the signature of the surety J. R. Tipton to said replevy bond was ignored and the judgment rendered on said bond was against Kahle as principal and Denny and appellant only as sureties. The finality of said judgment in the county court of Smith county and its sufficiency to support an execution are the only issues presented in this appeal.

The statute provides that when a suit in which property has been sequestered and replevied is decided against the defendant therein, final judgment shall be rendered against all the obligors on the replevy bond, jointly and severally, for the value of such property. R. S. article 6852. The several sureties on Kahle's replevy bond, by signing the same, became parties to the suit, and neither notice nor pleading was required to support a judgment against them for the value of the property replevied. Mills v. Hackett, 65 Tex. 580, 582; Harding v. Jesse Dennett, Inc. (Tex. Civ. App.) 17 S.W.(2d) 862, 864, par. 4 (writ refused). They were, however, parties to such suit in only a limited or special sense. Harding v. Jesse Dennett, Inc., supra, page 864 of 17 S.W.(2d) par. 8; Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507, 508, par. 1, and authorities there cited; Trammell v. Trammell, 15 Tex. 291, 292; Oliver v. Lone Star Cotton Jammers' & Longshoremen's Ass'n (Tex. Civ. App.) 136 S. W. 508, 510, par. 5. While, under the authorities hereinbefore cited, judgment cannot be properly rendered against the sureties on a replevy bond unless judgment is also rendered against the principal therein, we see no reason why the plaintiff in a suit could not waive a judgment against any or all the sureties on such a bond. Such a waiver might be recited in the judgment or in a separate order on the minutes. Mills v. Hackett, supra. The judgment of the county court of Smith county in said cause, as shown by the certified copy thereof introduced in evidence, did not contain such a recital, but the same shows that the court stated in said judgment that the sequestered property had been replevied by the defendant Kahle by executing his replevy bond therefor with J. R. Denny and Jerry A. Burton as sureties, and that the court thereupon rendered judgment against said Kahle as principal and against said Denny

and Burton as sureties on such replevy bond in the sum of $534.06. It is apparent therefore that the court, with the bond before it, notwithstanding the name of Tipton appeared thereon as surety, did not recognize him as a party thereto nor render any judgment against him. Such being the terms of the judgment, it will be presumed the court made some order effectively disposing of said Tipton. Gullett v. O'Connor, 54 Tex. 408, 415; Burnett & Ross v. Sullivan, 58 Tex. 535, 538; Carlton v. Krueger (Tex. Civ. App.) 115 S. W. 619, 622, and authorities there cited; Burton Lingo Co. v. First ·Baptist Church (Tex. Com. App.) 222 S. W. 203, 204. While such presumption is rebuttable, it nevertheless devolved on appellant to introduce testimony showing that some disposition of said Tipton as a party to the replevy bond was not made. Gathings v. Robertson (Tex. Com. App.) 276 S. W. 218, 219 (top first column). Appellant, for the purpose of showing that no such disposition was made, introduced in evidence the certified copies above referred to. He had the clerk make a single certificate to all the same in the aggregate. For the purpose of showing affirmatively the contents of each of said instruments, entries, and orders, such certificate was sufficient. Appellant, however, had the clerk of said court to state in his certificate that the foregoing instruments, entries, and orders, enumerating them, constituted (with certain immaterial exceptions) "a true and correct copy of all the proceedings * * * in the case of Baldwin Motor Company v. H. F. Kahle," etc. Such is, in substance, the form of certificate prescribed by statute for authenticating transcripts on appeal. R. S. art. 2282. There is, however, no statutory authority for the clerk of a court to make, certify, and deliver a transcript of the proceedings in a cause for use as evidence in another cause in some other court. Said statute therefore has no application in this case. The clear import of said certificate is that the clerk attempted thereby to certify that no other entry or order in said cause appeared on the judge's docket or the minutes of the court except those shown by the copies preceding such certificate. Such negative fact or facts could not be proved by certificate, but could be proved alone by the sworn testimony of the lawful custodian at the time of the records of said court. Our Supreme Court, at an early day, quoted with approval on this issue from the case of Bullock v. Wallingford, 55 N. H. 619, as follows: "When a party desires to prove the negative fact that there is no record, he must do so in the usual way, —by the deposition of the proper officer, or by producing him in court, so that he may be sworn and cross-examined as to the thoroughness of the search made. If the

summoning of such officer to testify in relation to the public records at the call of a suitor shall be found impracticable, by reason of interfering with his public duties, the remedy must be found in further legislation."

To this excerpt our Supreme Court added the following: "The principle applicable to the point before us is that the custodian of the records is the proper officer to prove that a record does not exist." Edwards v. Barwise, 69 Tex. 84, 87, 6 S. W. 677, 679. See, also, Watson v. Texarkana Pipe Works (Tex. Civ. App.) 257 S. W. 1003, 1005, par. 2; Myers v. Jones, 4 Tex. Civ. App. 330, 23 S. W. 562, 563; C. R. Miller Mfg. Co. v. Coleman (Tex. Com. App.) 29 S.W.(2d) 991, 994, par. 6; 22 C. J. pp. 838, 839, § 980, and cases cited in notes 91, 94, and 95 thereto.

Appellant having wholly failed to rebut the presumption that the court made some order effectively disposing of the surety Tipton, such presumption must be given full force and effect.

The judgment of the trial court is therefore affirmed.