EASTMAN GARDINER LUMBER Co. *et al. v.* CARR.

(Division A.   Mar. 16, 1936.)

[166 So. 401.   No. 32090.]

**Welch & Cooper,** of Laurel, for appellants.

**H. M. McIntosh**, of Collins, and **R. S. Tullos**, of Raleigh, for appellee.

Argued orally by **W. S. Welch**, for appellant.

**McGowen, J.,** delivered the opinion of the court.

The appellants, Eastman, Gardiner & Co., Frank Gardiner Hardware & Supply Company, and the First National Bank of Laurel, Miss., filed a petition in the chancery court setting up their unpaid debts and the insufficiency of the personal property to pay the debts due by the estate of J. R. Carr, deceased, alleging that Mrs. Belle Carr, the administratrix, had refused to sell certain land, and praying that said administratrix be cited to show cause why said land should not be sold, or that she be removed as such administratrix.

Mrs. Belle Carr, administratrix, answered, setting up that the land described in the petition was not subject to sale, that same was exempt to the decedent in his lifetime, having been occupied as a homestead, and it was therefore exempt to her.

In the petition of the named creditors, there was no effort to make the heirs at law of the decedent parties to that proceeding. From another part of the record we learn that Mrs. Belle Carr, administratrix, was the wife of the decedent at the time of his death, and that Mrs. Willie Wyatt and Mrs. Bobbie Lorio are the adult children of the decedent.

Section 1693, Code of 1930, authorizes and empowers creditors, upon a proper showing, to file a petition for the sale of land or personal property of the decedent for the payment of debts. Section 1694 requires that, when such petition is filed, all parties interested shall be cited by summons. It does not appear that the administratrix in the case at bar had any interest in the

land. Section 1695 authorizes the court, in a proper case after the service of summons, to decree the sale of land to pay debts. The daughters above named were in no wise made parties to this proceeding. The widow, as such, was not a party, and we will not stop now to inquire as to whether or not a decree adjudging the property subject to sale would be res judicata as against her in the state of this record.

The court below rendered a decree adjudging that the land sought to be sold was exempt and not subject to sale, and the creditors have appealed therefrom.

The record in the court below is barren of any effort to have the proper parties in court in that proceeding. A paper is filed here by the attorney who appeared for the administratrix in the court below, stating that he appeared there for all the parties. The effort is to present to this court that which did not exist of record at the time the decree was entered in the lower court.

Title to land is involved here, and the statute relating thereto must be complied with. A decree for the sale of land to pay debts which affects the rights of heirs at law or devisees of a decedent, and which is rendered without process upon them, is void.

There is an amendable petition on the part of the creditors to sell the lands to pay the debts, and, in order that an issue may be made up and tried in the court having jurisdiction, with the interested parties before it, either by process or waiver, as the adult parties may desire, this case must be reversed and remanded. Campbell v. Brown, 6 How. 106, Williams v. Childress, 25 Miss. 78, and Root v. McFerrin, 37 Miss. 17, 75 Am. Dec. 49.

In the state of this record, we express no opinion as to whether or not the land was exempt as the homestead of decedent.

Reversed and remanded.