

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner  
Department of Agriculture  
Austin, Texas

Dear Sir:

Opinion No. 0-6147  
Re: Would a certificate of  
the Department of Agri-  
culture be sufficient to  
make proof that the coun-  
ties in question are not  
free from the Pink Boll  
Worm Menace?

Your letter of recent date in which you submit the question as stated above, has been received and given our careful consideration.

Under the Pink Bollworm statutes (Articles 68-82, Revised Civil Statutes of Texas, 1925, and Article 1034, Penal Code), providing for the establishment of regulated areas within this State after certain findings and recommendations of the Pink Bollworm Commission, upon proclamation of the Governor, four counties were duly placed in the Rio Grande Valley regulated area. This proclamation was duly made some years ago. Among other things, Article 74, Revised Civil Statutes, provides: "Such proclamation of the Governor, establishing such regulated zone shall remain in effect until the Pink Boll Worm Commission shall have certified that the menace no longer exists."

This department has heretofore prepared a suggested form for complaint and information to be used in prosecuting violators, and in the form so prepared appears the allegation:

". . . and since said proclamation the Pink Boll Worm Commission of Texas has not certified that the menace of pink boll worms no longer exists within said area. . . ."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. E. McDonald, page 2

You wish to know whether or not a certificate of your office to the effect the Pink Boll Worm Commission has not, since the Governor's proclamation placing the regulated area into effect, certified that the menace of pink boll worms no longer exists, would be sufficient to make proof of the above allegation.

The Pink Boll Worm Act has been considered by the Court of Criminal Appeals in the case of Williams vs. State, ___ Tex. Cr. R. ___, 176 S. W. (2d) 177. The constitutionality of the Act was upheld, but the information in that case was held not to charge an offense in that it alleged a violation of a proclamation of the Commissioner of Agriculture, the Court saying the Commissioner cannot create an offense. No point was made on the particular inquiry submitted by you.

Article 3722, Revised Civil Statutes of Texas, 1925, reads as follows:

"The Secretary of State, Attorney General, Land Commissioner, Comptroller, Treasurer, Adjutant General, Commissioner of Agriculture, Commissioner of Insurance, Banking Commissioner, and State Librarian shall furnish any person applying for the same with a copy of any paper, document or record in their offices, and with certificates under seal certifying to any fact contained in the papers, documents or records of their offices; and the same shall be received in evidence in all cases in which the originals would be evidence." (Emphasis ours)

While the Constitution of Texas (Article 1, Sec. 10) requires in all criminal prosecutions that the accused shall be "confronted by the witnesses against him," the Court of Criminal Appeals has, on at least two occasions, affirmed cases wherein certified copies of documents showing affirmative facts have been introduced in evidence. See Boyd vs. State, 114 Tex. Cr. R. 160, 21 S. W. (2d) 733 (certified copy of charter of a bank certified by banking commissioner); Ex parte Rhoades, 142 Tex. Cr. R. 632, 155 S. W. (2d) 813 (certified copy of extradition papers, certified by Secretary of State). Whether the State may prove the

Honorable J. E. McDonaldk page 3

negative fact that there is no record, as in this case, is an entirely different matter, and one which we have not found to have been decided by the State's highest Court having jurisdiction of criminal cases.

Many precedents have been found wherein our civil courts have sustained the general rule as stated in Corpus Juris (22 C. J. 838, 839):

"To prove a fact of record without the production of the record itself, a duly authenticated copy of the record or so much thereof as relates to the fact in question is required. A certificate by a public officer having the lawful custody of public records as to any fact appearing on the records of his office or as to any conclusion he may draw from an inspection of the records is not competent evidence, unless made so by statute. A fortiori the authority to make certified copies will not authorize a certification as to facts not appearing of record, or improperly inserted therein, or as to the purport of papers that are missing from the record. So, in the absence of a statute, a negative certificate by an officer will not be evidence of the nonappearence of a fact on the records or of the absence of any entry, paper, or document from the records of his office, it being said that such negative proof requires oral testimony under oath of a search made and of its results. . . ."

Texas Jurisprudence has the following statement (17 Tex. Jur. 667, § 282):

"The fact that there is no record of an instrument may be proved by the testimony of the officer having official custody of the records, and must be so proved. Testimony of private individuals who have examined the records is inadmissible for that purpose. The nonexistence of a fact cannot be proved by the certificate of a public officer or board unless the statute so provides."

Honorable J. E. McDonald, page 4

In the case of Watson vs. Texarkana Pipe Works (Texarkana Civ. App.) 257 S. W. 1003, it was held that a certificate of the secretary of the Industrial Accident Board that the defendant had not subscribed for insurance under the Workman's Compensation Act, nor provided for compensation insurance, nor registered the same with the Board, was not authorized by the statute, and was not admissible to prove the nonexistence of such facts.

Other Texas cases to the same general effect: Edwards vs. Barwise, 69 Tex. 84, 6 S. W. 677; Meyers vs. Jones, 4 Tex. Civ. App. 330, 23 S. W. 562; Smithers v. Lawrence, 100 Tex. 77, 93 S. W. 1064; Miller Mfg. Co. vs. Coleman (Tex. Comm. App.) 29 S. W. (2d) 991; Burton vs. Perry, 53 S. W. (2d) 795; U. S. Fidelity & Guaranty Co. vs. Inman, 65 S. W. (2d) 339; World Oil Co. vs. Hicks, 75 S. W. (2d) 905 (certified question on another point) (Com. App.) 103 S. W. (2d) 962.

Discussing the rule, Wigmore on Evidence, 3rd Ed., Vol. V, p. 749, et seq., § 1678, affirms its existence and says proof of the nonexistence of a record cannot be made by certificate. At page 754 the author severely criticises the holdings, saying: "It will some day be reckoned as one of the most stupid instances of legal pedantry in our annals."

We conclude that in the present state of our law your certificate that the Pink Boll Worm Commission has not certified that the menace of the pink boll worm no longer exists in the applicable counties may be properly made only by direct testimony. In the case of World Oil Co. vs. Hicks, supra, the following language is approved:

"When a party desires to prove the negative fact that there is no record, he must do so in the usual way, -- by the deposition of the proper officer, or by producing him in court, so that he may be sworn and cross-examined as to the thoroughness of the search made."

As the case you mention is a criminal prosecution, of course a deposition would be unavailable to the State (Garza vs. State, 43 Tex. Cr. R. 499, 66 S. W. 1098; Stewart vs. State, 26 S. W. 203; Kerry vs. State, 17 Tex. Cr. R. 178, 50 Am. Rep. 122). The Commissioner of Agriculture,

Honorable J. E. McDonald, page 5

being ex-officio secretary of the Pink Boll Worm Commission (Art. 76, R. C. S.), would be the proper witness by whom to make the proof mentioned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 13 1944

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

BW:db

APPROVED
OPINION
COMMITTEE