T. H. GARNER AND OTHERS V. J. BURLESON AND OTHERS.

An affidavit for an attachment alleging that the defendant "is about to transfer or secrete his property for the purpose of defrauding his creditors, and that thereby the plaintiffs will probably lose their debt," is bad for duplicity; and it was error to overrule a motion to quash the attachment.

A confession of judgment operates a release of all errors; and in suits by attachment wherein the property attached has been replevied, such judgment is as binding upon the sureties upon the replevin bond as it is upon their principal.

APPEAL from Leon.   Tried below before the Hon. John Gregg.

This was a suit by attachment brought by the appellees against James H. McLendon and his sureties upon his bond as a deputy sheriff, to recover the sum of one thousand five hundred and eighty-five dollars and twenty cents, being the amount with damages which two of the appellees, Charles Craig and Joseph Evans, had been compelled to pay on account of a defalcation by the defendant, McLendon.   The appellee, Burleson, was the sheriff, and Craig and Evans two of his sureties.

The property levied upon by attachment was replevied under two different bonds; and the appellants, T. H. Garner, R. O. Lusk and R. T. Ballew, became securities upon one of the bonds.

The affidavit for the attachment alleged " that the said James H. McLendon, one of the defendants in the above and foregoing suit, is about to transfer or secrete his property for the purpose of defrauding his creditors, and that thereby the plaintiffs will probably lose their debt," &c.   The defendants moved to quash the attachment, assigning with other causes that "the plaintiffs have set forth and sworn to two causes of attachment, and it is, therefore, objectionable for duplicity."   The motion was overruled, and the defendants excepted.

At the Fall Term, 1858, judgment was rendered for the plaintiffs against McLendon and his sureties on his official bond for one thousand seven hundred and thirty-nine dollars and twenty-three cents.   The record of the judgment recites that "the de-

Garner v. Burleson.

fendants withdrew their pleas and consented that the plaintiffs have and recover judgment of the defendants" for the sum stated. The record then proceeds severally to recite the levy and the replevy made by the two bonds, and to render judgment for the plaintiffs against the defendant McLendon and his sureties upon each bond, "which may be discharged by delivery of the property as described in said replevy bond to the sheriff."

On a subsequent day of the term, the defendants moved the court to set aside the judgment and grant them a new trial, assigning with other causes that "there was error in the judgment rendered against the parties on the several replevy bonds." The motion was overruled, and the defendants gave notice of an appeal; which, however, was only prosecuted by Garner, Lusk, and Ballew, three of the securities on one of the replevy bonds.

*Hancock & West*, for appellants.

*W. D. Wood*, for appellees.

BELL, J. It cannot be doubted that the court below erred in overruling the motion to quash the attachment. (Hopkins v. Nichols, 22 Tex. R., 206.) But we are of opinion that the confession of judgment must be held to operate as a release of all errors in the record, and as binding upon the securities upon the replevin bonds, as well as upon their principal. (Storey v. Nichols, 22 Tex. R., 87; Oldham & White's Dig., art. 500.)

The judgment of the court below is affirmed.

Judgment affirmed.