Acker, Judge.
The record discloses no objection to the añida-' vit, bond or writ of sequestration, and we confine our conclusions to the questions raised by the assignment of errors. The first and second grounds of error assigned relate to the ruling of the court in striking out the exceptions and answers of appellants to the “agreement and confession of judgment” entered into by appellees and Dillard, and which had been filed in the case on the eighth day of August, 1885. It is insisted by appellants that their answers showed “fraud and collusion” between appellees and Dillard, the defendant in the writ of sequestration and the principal in the replevy bond upon which appellants are sureties. From the answer it is evident that the charge of fraud and collusion is predicated upon the fact that after defendant Dillard had entered into the replevy bond for the piano, stool and cover, with appellants as sureties thereon, he and appellees, acting by their attorney, entered into an agreement in writing to the effect, that appellee’s demand is just, that defendant Dillard withdraws all his defenses, and consents that judgment be entered on his replevy bond, and that appellees pay all costs. It is alleged in the answer that the day after the writ of sequestration was levied, Dillard sold and delivered the piano to S. H. Lumpkin in payment for his professional services in defending this suit, and that the agreement between appellees and Dillard was entered into secretly and without their knowledge or consent, and was made with intent upon the part of appellees and Dillard to extort from appellants three hundred and fifty dollars, or to compel S. H. Lumpkin, attorney for Dillard and attorney for appellants, to deliver up the piano.
It is not alleged in appellants’ answer that the admission of Dillard that “plaintiffs’ demand is just” is untrue, nor is it alleged in their answer that Dillard had any defense, legal or equitable, to appellees’ suit.
Appellants had the right to absolve themselves from all liability in the premises by delivering the property to the sheriff of the county, at any time within ten days after rendition of the judgment. (Rev. Stats., art. 4502.) We conclude that the answer of appellants contained no allegations that entitled them to be relieved from the consequences of the agreement and con *714 fession of judgment entered into by their principal, Dillard, and that the court did not err in striking out the answer.
Report adopted October 25, 1887.
Defendant Dillard having withdrawn all answers and defenses and confessed judgment in favor of appellees, and appellants’ ¡answer having been stricken out, the court did not err in rendering judgment for three hundred and fifty dollars, the value of the property as fixed in the replevy bond.
The record does not sustain the fourth ground of error assigned. The conclusions of fact and law filed by the court show that the judgment was rendered against Dillard on his withdrawal of all defenses and confession of judgment, and against appellants on the replevy bond, their answer having been stricken out, and they not having filed any other pleading. There was no request for other conclusions, nor was there exception to those found.
It appears from the explanation of the trial judge, endorsed upon appellants’ bill of exception taken to the refusal of the court to give time to make application for continuance, that when the case was called for trial plaintiffs’ attorney announced ready for trial, defendant Dillard was not present, and appellants announced not ready. Attorney for appellees informed the court that he had filed exceptions to appellants’ answer, and asked permission to present them, which -iyas granted. The court sustained the exceptions and struck out the answer, and appellants did not take leave to amend. Defendant Dillard having withdrawn all his pleadings, there was nothing to support an application for continuance. (Rules Dist. Court, No. 25.) The sixth ground of error assigned is too general to require consideration. (Supreme Court Rules, No. 26.)
We find no error in the record of which appellants can complain, and it is our opinion that the judgment. of the district court should be affirmed.

Affirmed.