## LAMM v. GOHLMAN, LESTER & CO.*
### (No. 8723.)

(Court of Civil Appeals of Texas. Galveston. Oct. 28, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Limitation of actions ⚫═▷180(5)—Overruling demurrer to cross-action held not error on ground that action was barred.**

Overruling demurrer to cross-action *held* not error, on ground that action was barred by limitations, where demurrer raised no such question.

**2. Trial ⚫═▷390—When district courts of Harris county required to file findings of fact and conclusions of law stated.**

Rev. St. 1911, art. 2075, allowing 10 days after adjournment of term for filing of findings of fact and conclusions of law is inconsistent with subdivision 19 of article 1969a, Rev. St. 1911, as added by Acts 38th Leg. (1923) c. 105, § 1, relating to district courts of Harris county, and is therefore impliedly repealed as far as it relates to such courts, leaving them free to file findings and conclusions at any reasonable time before time for filing of transcript in appellate court.

**3. Trial ⚫═▷390—Findings of fact and conclusions of law held. filed within reasonable time and entitled to consideration.**

Findings of fact and conclusions of law, filed by judge of district court of Harris county 33 days before expiration of time for filing of transcript in appellate court, *held* filed within a reasonable time and entitled to consideration.

**4. Appeal and error ⚫═▷1071(1)—When failure to properly file findings of fact and conclusions of law not reversible error stated.**

Failure of trial judge to file requested findings of fact and conclusions of law within time allowed is not reversible error, where it is manifest from statement of facts filed that no other judgment than that rendered could properly have been rendered.

**5. Factors ⚫═▷39—Principal, instructing cotton factor to sell, held estopped to complain of previous disobedience of selling orders.**

Where a cotton factor failed to sell his principal's cotton when instructed to do so, and later principal instructed factor to sell on a lower market, resulting in loss, and then sued the factor, principal, by instructing second sale, ratified and forgave factor's disobedience, and was estopped to complain thereof.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by E. F. Lamm against Gohlman, Lester & Co., wherein defendant filed cross-action. From a judgment for defendant, both

*Writ of error dismissed for want of jurisdiction Jan. 20, 1926.

in main action and on cross-bill, plaintiff appeals. Affirmed.

A. J. Smith, of Anson, for appellant.

Cole, Cole & O'Connor, of Houston, for appellee.

LANE, J. On the 24th day of February, 1920, E. F. Lamm, through his agents, R. V. Robertson Company shipped 24 bales of cotton from Haskell, Tex., to Gohlman, Lester & Co., cotton factors of Houston, Tex. On the 19th day of March, 1920, R. V. Robertson Company wrote the following letter to Gohlman, Lester & Co.:

"Haskell, Texas, Mar. 19th, 1920.

"Gohlman, Lester & Co., Houston, Texas—Gentlemen: Inclosed please find bill lading to cover 24 bales cotton shipped you on Feb. 24th, for account of E. F. Lamm of Haskell, Texas. Please send Mr. Lamm weights and grades on arrival of the cotton, and he will give you selling instructions.

"Yours truly,      R. V. Robertson Co."

The bill of lading for the cotton was received by Gohlman, Lester & Co. on the 22d day of March, 1920, and the cotton reached Houston about the middle of April, 1920. On the 20th day of April, 1920, E. F. Lamm wrote Gohlman, Lester & Co. the following letter:

"Haskell, Texas, 4–20–1920.

"Gohlman, Lester & Co. Houston, Texas—Dear Sirs: On Feb. the 24 I shipped you 24 bales of cotton and so have not heard anything from it. Send me grades on cotton if you have received it.

"Yours Resp.      E. F. Lamm."

Gohlman, Lester & Co. received the above letter on the 22d day of April, 1920, and on the 27th day of April, they replied to the same as follows:

"April 27, 1920.

"Mr. E. F. Lamm, Haskell, Texas—Dear Sir: We acknowledge receipt of yours of the 20th inst. and in reply thereto beg to say your cotton has just recently been delivered to us by the railroad company, but in view of the fact we have had several cloudy days, we have been unable to class it, but hope to get you classed and weight in the next few days.

"Very truly yours."

Shortly after receipt of the letter of date April 27th, Gohlman, Lester & Co. sent Lamm class and weights of his cotton. At the time the cotton was received by Gohlman, Lester & Co., its market value in Houston was around 40 to 42 cents per pound, middling basis. It continued around this figure until about the 1st of August, 1920. At that time the price gradually decreased until at the time it was sold its value was only 11 cents per pound, middling basis. After receipt of the cotton, the only correspondence shown to have passed with reference to the disposition of cotton was as follows:

"Haskell, Texas, February, 18, 1921.

"Gohlman-Lester & Co., Houston, Texas—Gentlemen: Some time last spring Mr. E. F. Lamm of Haskell, Texas, shipped you 24 bales of cotton, and he asked us to write and find out why you have not sold this cotton for him. Please let us have a reply at once and oblige,

"Yours truly,      Smith & Grisson,
"By A. J. Smith."

"February 23, 1921.

"Messrs. Smith & Grisson, Haskell, Texas—Gentlemen: Answering yours of the 18th inst. which has reference to 24 bales of cotton shipped us by Mr. E. F. Lamm and will say this cotton was shipped to us by Messrs. Robertson Brothers, and when same was shipped they advised us that we were to look to Mr. Lamm for selling instructions. Mr. Lamm not up to this good day advised us to sell his cotton. It is, therefore, on hand unsold and we are ready to follow his instructions as soon as we receive them.      Gohlman, Lester & Co."

"Haskell, Tex. 4–12–21.

"Messrs. Gohlman & Lester, Houston, Texas—Dear Sirs: I received your card advising to sell cotton I must say I am disgusted with shipping cotton, if I had of known the situation, would never shipped my cotton. Let me know at once what you can get for my cotton if you cant sell I will move it.

"Yours Resp.      E. F. Lamm."

"April 19, 1921.

"Mr. E. F. Lamm, Haskell, Texas. Dear Sir: Replying to yours of the 14th inst. will say in looking over your account we believe your cotton could readily be sold at about Houston quotations which at this writing is 11 cents for middling. If you wish us to offer for sale we shall be pleased fo do so and believe it can be sold with reasonable promptness.

"Yours very truly,
"Gohlman, Lester & Co."

"Haskell, Tex. 4–21–21.

"Messrs. Gohlman Lester Co., Houston, Texas—Dear Sirs: Yours to hand stating you can sell at 11 cents for middling. Sell.

"Yours resp.      E. F. Lamm."

Upon receipt of the letter of the 21st of April, 1921, instructing the sale of the cotton, 23 bales of which were promptly sold at 11 cents, basis middling, and the other a low grading bale, for $16.23, and Lamm was promptly advised of such sale and the price obtained therefor. After receipt of such advice Lamm wrote Gohlman, Lester & Co. as follows:

"Haskell, Texas, 5–17–21.

"Messrs. Gohlman, Lester & Co., Houston, Texas—Dear Sirs: Please rush up my returns on cotton.

"Yours Resp.      E. F. Lamm."

On the 20th day of May, 1921, Gohlman, Lester & Co., wrote Lamm as follows:

"Dear Sir: We have before us yours of the 17th inst. and in answer thereto will say we mailed check covering 23 bales recently sold for you on yesterday, proceeds $1,199.43. This

check likely crossed your letter in the mails. Awaiting your further favors, we remain,
"Very truly yours."

The account sales accompanied the letter last mentioned together with two checks, one for $1,199.43 and the other for $16.23. These checks were in payment of the proceeds of the sale of the cotton. Both of them were indorsed and collected by Lamm.

From the time the above-mentioned checks were received and collected in May, 1921, to February, 1924, E. F. Lamm made no complaint of the failure of Gohlman, Lester & Co. to sell his cotton earlier. On the 23d day of February, 1924, Lamm brought this suit to recover from Gohlman, Lester & Co. the sum of $4,393 with interest thereon from March, 1920, until paid.

For cause of action the plaintiff, among other things, alleged that defendants, Gohlman, Lester & Co., in the early part of 1920 were advertising that they could sell middling cotton at 43 cents per pound f. o. b. Houston; that relying upon such advertisement, plaintiff shipped 24 bales of cotton to defendants on the 24th day of February, 1920, and wrote a letter to defendants a few days thereafter instructing them to sell the cotton on arrival at Houston; that thereafter he went to Houston and personally instructed defendants to sell his cotton; that at such time his cotton was worth 43 cents per pound; that defendants at such time promised him to sell his cotton on arrival; that the price of cotton did not break until about the middle of August, 1920; that defendants failed and refused to carry out his instructions to sell his cotton on arrival; that, had they followed his instructions, they could have sold his cotton for 43 cents per pound at Houston, up to the 15th day of August, 1920; that defendants held his cotton until the 1st day of May, 1921, and on or about said date they sold it for 11 cents per pound; that the failure of defendants to sell his cotton as instructed resulted to his damage in the sum of $4,732, with 6 per cent. interest thereon from the 20th day of March, 1920, until paid.

Defendants answered for Mrs. Eva Gohlman, who had, since the filing of this suit, duly qualified as the executrix under the last will of one of the defendants, S. L. Gohlman, who died after the suit was filed and after service of citation on him, and the defendants were composed of the partnership firms of S. L. Gohlman and J. E. Lester, and after the death of S. L. Gohlman, was composed of the firm of J. E. Lester and Mrs. Eva Gohlman as executrix of the estate of S. L. Gohlman, deceased.

Defendants answered that they received the 24 bales of cotton as appellant alleged, that they took charge of the same, stored, insured, and kept the same in their possession from March 20, 1920, until about May 1, 1921, and denied ever receiving any instruction from appellant, Lamm, to sell said cotton until about the 1st day of May, 1921, at which time they did sell the same for 11 cents per pound. They denied that appellant ever came to their office at Houston, Tex., and instructed them to sell said cotton on arrival, that they ever received any letter from appellant instructing them to sell said cotton on arrival, and say that they did sell said cotton as soon as appellant instructed them to sell it.

Defendants further pleaded that at the time they did sell said 24 bales of cotton they remitted to appellant the proceeds of such sale, less the expense of insurance and storage and commission for about 14 months, and that appellant accepted said amount, and is now estopped from claiming any more as damages.

Defendants further pleaded that they made a mistake in calculation at the time they settled with the appellant, viz. May 1, 1921, for the proceeds from the sale of the 24 bales of cotton, that they lacked $243.80 of charging appellant with enough insurance and storage on the 24 bales of cotton, and did on the 24th day of March, 1924, file their cross-action for the $243.80.

Appellant filed in answer to said cross-action a general demurrer and denial, and the court overruled appellant's general demurrer to the cross-action.

The cause was tried by the court without a jury, and judgment was rendered decreeing that the plaintiff take nothing by his suit, and that the defendants have judgment against plaintiff on their cross-bill for the sum sued for and costs of suit.

The evidence as to whether appellant, Lamm, gave Gohlman, Lester & Co. instruction by letter or otherwise to sell his cotton at any time prior to April 21, 1921, was conflicting and the trial court, as shown by his finding of facts found that issue against appellant.

Appellant presents but two assignments, which are:

"First. The trial court erred in failing and refusing to sustain plaintiff's demurrer to defendant's cross-action, and in overruling the same, for the reason that the defendants' cross-action was upon an open account for a claim that defendants alleged that plaintiff owed them for storage of cotton during the year 1920 and the early part of 1921, that, if the defendants had any claim or account against the plaintiff at all, it was more than 2 years before defendants ever made any claim for the same, and was out of date and barred by the statute of limitation, and according to the defendants' cross-action the same did not constitute a cause of action against the plaintiff, and the court erred in not sustaining plaintiff's demurrer to the same, and the court further erred in giving the defendants judgment against the plaintiff upon said cross-action, for the reason that the same was out of date and barred by the statute of limitation.

"Second. The trial court erred in failing and refusing, after he had been duly requested to do so, and said request had been by him entered upon his trial docket, to prepare and file with the clerk of his court, a finding of fact and conclusion of law."

The reasons asssigned in support of the last assignment are: First. That the cause was tried before the judge of the Eleventh district court of Harris county, on the 16th day of July, 1924, the judgment was rendered on said date, and that, by virtue of the provisions of the Acts of the Thirty-Eighth Legislature (Acts 38th Leg. p. 215), said judgment became final 30 days after the 16th day of July, 1924; that by reason of the provisions of said act the trial judge was required to file his findings of fact when requested so to do, as in the present case, within 10 days after the judgment became final; that notwithstanding the fact that appellant had requested the court to file his findings of fact, he failed to file same within the ten days after final judgment, and did not file the same until the 10th day of October, 1924, which was more than 10 days after said judgment became final, and therefore this court cannot consider such findings. Second. That the evidence as to whether appellant instructed appellees to sell his cotton on arrival by letter or otherwise at any time previous to April 21, 1921, was sharply conflicting, and that, by reason of the failure of the court to file his findings of facts, as requested, appellant has no way of ascertaining upon what fact or facts the court based his decision, and for this reason this judgment should be reversed. We shall dispose of the assignments in the order named.

[1] There is no merit in appellant's contention that the court erred in not sustaining his demurrer to appellees' cross-action, in that the pleading setting up said cross-action shows that appellees' claim was barred by the statute of limitation at the time such pleading was filed. Appellant's demurrer, the overruling of which he complains, is as follows:

"Plaintiff further demurs to defendant's cross-action as filed and presented in the original answer, and says that the same is insufficient in law, and states no cause of action against this plaintiff, and the same should be in all things dismissed, for which he prays judgment of the court.        A. J. Smith,
                    "Attorney for Plaintiff."

Appellant made no plea of limitation to appellees' cross-action, and clearly the demurrer addressed to appellees' plea, setting up their claim, does not raise the question of limitation. In Boyd v. Ghent (Tex. Civ. App.) 61 S. W. 723, it is said:

"We do not think the plaintiffs in error are in a position to invoke limitation against the right of action asserted by Ghent. The statute requires limitation to be specially pleaded, and

it was not done in this case, by demurrer or otherwise. The answer upon which they went to trial contained two demurrers—one denominated a general, and the other a special, demurrer, but, in substance, neither was anything more than a general demurrer. Limitation was not pleaded in bar of the plaintiffs' cause of action, and it must be held that the demurrers referred to did not present that question. Hence we hold that the question of limitation has been waived."

The assignment is overruled.

[2] We are unable to sustain the second assignment. By the Act of the Thirty-Eighth Legislature, p. 203, it is provided that there shall be only two terms of the Eleventh district court of Harris county yearly—the first to begin on the first Monday in January and end on Sunday next before the following Monday in July, and the second to begin on the first Monday in July and end on Sunday next before the first Monday in the following January. By Rev. Civ. St. art. 1969A, subd. 19, as amended by Act 38th Leg. p. 221, it is provided:

"All inconsistent laws and rules of practice and procedure shall be *inoperative* in the civil district courts of the class included within this act, but shall not be affected by this act in so far as they relate to other district courts. All laws and rules of practice and procedure provided for other district courts, shall continue in effect and to operate and to be observed in the civil district courts of the class covered by this act *so far as applicable to them, and not inconsistent with this act.* In all trials, proceedings and matters not covered nor provided for in this act the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included within this act."

The present law governing the district courts of Harris county makes no provision as to the preparation and filing of findings of fact and conclusions of law other than the general provision that—

"All laws and rules of practice and procedure provided for other district courts shall continue in effect and to operate and to be observed in the civil district courts of the class covered by this act so far as applicable to them, and not inconsistent with this act. In all trials, proceedings and matters not covered nor provided for in this act the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included within this act."

The only law in existence prior to the act of the Thirty-Eighth Legislature, above mentioned, relative to the filing of findings of fact and conclusions of law applicable to district and county courts generally, is article 2075 of our Civil Statutes, which reads as follows:

"The judge of any district or county court shall have ten days after adjournment of the

term at which a cause may be tried in such court in which to prepare his findings of fact and conclusions of law in cases tried before the court, when demand is made therefor."

Certainly the provisions of article 2075 are inconsistent with the provisions of the Act of the Thirty-Eighth Legislature heretofore referred to, which fixes the terms of the Harris county district courts at 6 months, and cannot be applicable to causes tried in such courts, in that a judgment rendered in such courts in July, as was the present case, would by said legislative act become final in August, and the time for filing the transcript in the appellate court would expire before the adjournment of the term of the court in which the judgment was rendered, and therefore, if the findings of fact and conclusions of law were not to be filed until 10 days after adjournment of court, as provided in article 2075, such findings and conclusions could not be carried into the transcript on appeal. However, since the only statute which makes it the duty of the trial judge to file such facts and conclusions within a specified time, is article 2075, and since the Act of the Thirty-Eighth Legislature has by implication repealed that statute, in so far as it related to fixing time for filing findings of fact in the district courts of Harris county, there is now no law fixing a time for filing such findings and conclusions in those courts. It is certain that the Act of the Thirty-Eighth Legislature does not fix 10 days after final judgment as the time for filing such findings and conclusions, as is contended by appellant.

As there is now no law fixing a specific time for filing findings of fact and conclusions of law in the district courts of Harris county, we think any such findings and conclusions filed in such courts in a reasonable time before the time for filing the transcript in the appellate court should be held to have met the demands of the law.

[3, 4] That the findings of fact and conclusions of law were filed by the trial court on October 10, 1924, is admitted by appellant. The record shows that the supersedeas appeal bond was filed August 15, 1924. As appellant had 90 days after the filing of said supersedeas appeal bond within which to file the record in the appellate court, the time for filing such record would not have expired until after November 13, 1924. It thus appears the appellant had 33 days after the findings of fact and conclusions of law were filed within which to file the record in the appellate court, and this, we think, allowed ample time for the preparation and filing of such record. From the facts stated, we think the findings and conclusions met the demands of this law relative to such matter as it now stands, now that appellant is not entitled to a reversal of the judgment upon the grounds that said findings and conclusions were not

duly filed. If, however, it be admitted that the trial court failed to file his findings and conclusions as required by law, still we would not feel justified in reversing the judgment, in that a statement of facts was duly filed in this court and from a careful examination thereof we have reached the conclusion that no judgment other than the one rendered could have been properly rendered.

It is shown by the undisputed evidence: That on the 18th day of February, 1921, appellant had Smith and Grisson, his attorneys, to write appellees asking them to inform him as to why they had not sold his cotton. That in reply to such inquiry appellees wrote appellant's attorneys that when the cotton was shipped to them they were told to look to appellant for selling instructions, and that they had received no instructions to sell, and therefore the cotton was on hand unsold. That, on receiving this information, appellant by letter of date April 12, 1921, asked appellees to inform him as to what price his cotton could be sold for, and, in reply thereto, appellees informed appellant that his cotton could be sold at 11 cents middling basis, and said to appellant, "If you wish us to offer for sale, we shall be pleased to do so, and believe it can be sold with reasonable promptness." Upon receiving the above information, appellant, by letter of date April 21, 1921, instructed appellees to sell his cotton. That, within a reasonable time after having received instructions to sell, appellees sold the cotton, rendered appellant account of sales, and, on the 19th day of May, 1921, remitted to him the proceeds of such sale. That appellant accepted such proceeds with full knowledge that the remittance was intended as full payment for his cotton. That appellant made no suggestion to appellees that he was reserving a cause of action on account of damages, and no claim of any character was asserted by him against appellees, until this suit was filed in 1924, more than 3 years after having received the proceeds of the sale of his cotton.

[5] We think the acts of appellant, as shown by the statement of facts, amount to an affirmance of the unauthorized acts of appellees, if such, in disposing of his cotton. The rule we invoke in support of the above conclusion is well stated in the conclusions of the learned trial judge as follows:

"II. I further conclude that, even had plaintiff notified and instructed the defendants to sell said cotton just after its arrival in the early part of 1920 as alleged by plaintiff, his acts and silence from that time until April 21, 1921, when he wrote defendants, 'Yours to hand stating you can sell at 11 cents for middling, sell,' together with the fact that he then accepted the proceeds of said sale and made no complaint about the same until this suit was filed February 23, 1924, constitutes, on the part of plaintiff, such an action of ratification of the acts and omissions, if any, of defendants, as to in all things estop plaintiff to complain or re-

cover damages against the defendants; that plaintiff's act in exercising ownership over said cotton after he knew it had not been sold ratified the.act of defendants in not having sooner sold it, and waived any claim for damages by plaintiff for said sale not having sooner been made, which, with the long delay without complaint, and receipt of the proceeds for said cotton, estops plaintiff to recover against defendant."

In support of the rule announced, we cite Robinson v. Cleveland (Tex. Civ. App.) 217 S. W. 171; Bessent v. Harris & Howell, 63 N. C. 542; Comer v. Way, 107 Ala. 300, 19 So. 966, 54 Am. St. Rep. 93; Rice et al. v. Brook (C. C.) 20 F. 611.

"It is the general and uniform rule that, where there is no statement of facts, the failure of the judge before whom a cause is tried without a jury to file his findings of fact and conclusions of law, after due request has been made therefor, would constitute reversible error. But it is equally as well settled that, where a proper statement of facts accompanies the record on appeal, and where it is manifest therefrom that no judgment other than that rendered could have been properly rendered, the failure of the judge to file his findings of facts and conclusions of law would not be cause for a reversal of the judgment so rendered." Gerhart v. Moore (Tex. Civ. App.) 229 S. W. 876, and authorities there cited.

We have reached the conclusion that the judgment should be affirmed and it is so ordered.

Affirmed.