## JOHNSON v. WOODRUFF et al.
### No. 2115.

Court of Civil Appeals of Texas. Beaumont.
Oct. 23, 1931.

Rehearing Denied Oct. 28, 1931.

Jas. G. Donovan, Chas. E. Kamp, and Walter F. Brown, all of Houston, for appellant.

Harry W. Freeman, of Houston, for appellees.

WALKER, J.

This case was tried in the court below by the judge without a jury. Appellant's two points of reversible error are: (a) The record does not show that the trial court had jurisdiction to try this case. (b) The trial court failed to file conclusions of fact and law within ten days after the adjournment of the term of court at which the case was tried, though requested so to do by appellant.

The facts of these propositions are as follows: This case was originally filed in the Eightieth judicial district court of Harris county by appellant, as plaintiff, against appellees, as defendants, praying for a specific performance of a contract for a conveyance of certain real estate. The case was tried in the Fifty-Fifth judicial district court of Harris county, and the final judgment herein denying recovery was recorded in the minutes of that court. No judgment of any kind was entered in the minutes of the Eightieth judicial district court so far as the transcript herein discloses. The transcript shows no transfer from the Eightieth judicial district court to the Fifty-Fifth judicial district court. The January-July term, 1930, of the district courts of Harris county convened on January 6th, and adjourned on July 5th. The July-December term of these courts convened immediately after the adjournment of the January-July term, and did not adjourn until the end of that year. The trial of this case began on February 11, 1930, when judgment was entered against appellant, at which time he requested the court to file conclusions of fact and law. Though that request was duly entered by the trial court, it was not complied with at that time. Appellant, in due time, filed his motion for new trial against the

judgment of the trial court, which was carried by the court over into the July-December term, and was overruled on the 8th day of August, 1930, at which time no conclusions of fact and law had been filed. Immediately after the overruling of the motion for new trial, appellant renewed his request for conclusions of fact and law. This request was not complied with until the 8th day of November, 1930, during the July-December term, thirty days before the expiration of the time in which appellant was required to file his record in the Court of Civil Appeals, but more than four months after the adjournment of the January-July term, and eighty-nine days after the motion for new trial was overruled.

■ Subdivision 21 of article 2092 of the Practice Act, governing the district courts of Harris county, is as follows: "The judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own court room try and determine any case or proceeding pending in another court without having the case transferred, or may sit in any other of said courts and there hear and determine any case there pending, and every judgment and order shall be entered in the minutes of the court in which the case is pending and at the time the judgment or order is rendered, and two or more judges may try different cases in the same court at the same time, and each may occupy his own court room or the room of any other court. The judge of any such court may issue restraining orders and injunctions returnable to any other judge or court, and any judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case or proceeding is transferred shall receive and try the same, and in turn shall have power in his discretion to transfer any such case to any other of said courts and any other judge may in his court room try any case pending in any other of such courts."

Under this statute, the judges of the district courts of Harris county had the power to transfer cases from one court to another. So, as this case originated in the Eightieth judicial district court and was tried in the Fifty-Fifth judicial district court, a presumption must be indulged that the transfer was regular. Appellant says that presumption cannot be indulged because the certificate of the clerk to the transcript affirmatively excludes an order of transfer. There are two answers to this contention. First, the cited article does not require that the order of transfer shall be entered in the minutes of any of the courts,

and, if not regularly entered in the minutes, it could not be reflected by the transcript. Second, if this article contemplates a judgment of transfer, it does not require that the judgment shall be entered in the minutes of the court trying the case. The certificate of the clerk to the transcript herein purports to cover only the proceedings in the Fifty-Fifth judicial district court and makes no reference to the Eightieth judicial district court, so there is nothing on the face of the transcript rebutting the presumption of regularity.

■ Under Lamm v. Gohlman, Lester & Co. (Tex. Civ. App.) 279 S. W. 552, 556 and Lawson-Richards, Inc., v. Blalock Lumber Co. (Tex. Civ. App.) 30 S.W.(2d) 797, the trial court's conclusions of fact and law were duly filed. In that case, the Galveston Court of Civil Appeals held that article 2247, R. S. 1925, did not govern the filing of conclusions of fact and law by the district judges of Harris county, and, further, that there was no specific statute regulating their preparation and filing. On this issue, the court said: "As there is now no law fixing a specific time for filing findings of fact and conclusions of law in the district courts of Harris county, we think any such findings and conclusions filed in such courts in a reasonable time before the time for filing the transcript in the appellate court should be held to have met the demands of the law."

That case was cited with approval by the Austin Court of Civil Appeals in Lawson-Richards, Inc. v. Blalock Lumber Co., supra. In the Gohlman, Lester & Co. Case, the appellant had thirty-three days after the filing of conclusions of fact and law in which to file his record in the Court of Civil Appeals. In this case, he had thirty days. We construe the cited cases as squarely in point against appellant's proposition.

■ Appellant would distinguish these cited cases on the ground that his case was "tried" at the January-July term, and the motion for new trial was overruled and the conclusions of law and fact filed during a term at which the case was not "tried." While the trial of appellant's case was begun during the January-July term, it was not concluded until the overruling of the motion for new trial at the July-December term. The consideration by the court of the motion for new trial was as much a part of the "trial" of the case as any other proceeding had from the time the case was called for trial until the final overruling of the motion for new trial.

The judgment of the trial court is in all things affirmed.