**LAWYERS LLOYDS OF TEXAS v. WEBB et al.**

No. 2310.

Court of Civil Appeals of Texas. Waco.

March 27, 1941.

Rehearing Denied April 24, 1941.

Currie McCutcheon and Bruce Graham, both of Dallas, Gene Maddin, of Waco, Norton Fox, of Groesbeck, and Doss Hardin, of Dallas, for plaintiff in error.

B. L. Bradley and L. W. Shepperd, both of Groesbeck, for defendants in error.

RICE, Chief Justice.

J. F. Russell and wife, Leora Dyer Russell, filed this suit in the district court of Limestone county against Juanita Webb and the Lincoln National Life Insurance Company in trespass to try title. Juanita Webb filed a cross action in trespass to try title against the plaintiffs, and procured a writ of sequestration to be issued out of· said court and levied on the land involved. Thereupon plaintiffs, as principals, and T. A. Chapman, O. L. Wallard, A. E. McNairy, H. H. Thomason, A. J. Hargrove, J. P. Anderton, H. A. Dyer and Lawyers Lloyds of Texas, as sureties, executed a replevy bond, and the possession of said land was delivered to the plaintiffs on March 15, 1939, and by them retained until October 26th of said year.

The case was tried to a jury, but upon the completion of the evidence the trial court sustained Juanita Webb's general demurrer to plaintiffs' cause of action, and the jury, pursuant to the instruction of the court, returned its verdict in favor of Juanita Webb on her cross action, and on October 12, 1939, the court rendered judgment in favor of Juanita Webb and against plaintiffs for the title and possession of the land involved; that plaintiffs recover nothing against the Lincoln National Life Insurance Company; and that Juanita Webb recover of plaintiffs and the above mentioned sureties on the replevy bond the sum of $1,972.13 and costs of court.

J. F. Russell and wife, Leora Dyer Russell, and each of the above mentioned surety defendants, timely filed their motion for new trial, which was by the court overruled October 26, 1939, to which J. F. Russell and wife and each of said surety defendants excepted and gave notice of appeal to this court.

On November 21, 1939, Lawyers Lloyds of Texas filed its supersedeas bond in the trial court; and on December 8, 1939, Leora Dyer Russell and husband filed their application for writ of error in said court, together with their affidavit of inability to pay the costs of court or give security therefor. Citation in error was issued out of said court under said application on the 13th day of December, 1939, to Juanita Webb, one of the defendants in error, and served on her on December 16, 1939. No citation in error had been issued or served, at that time, on defendant in error Lincoln National Life Insurance Company, as disclosed by the transcript of the proceedings had in the trial court in said cause filed in this court on December 22, 1939. Thereafter, on motion of defendant in error Juanita Webb, this attempt to appeal by the parties above mentioned was dismissed by this court on January 25, 1940, for the reason that said supersedeas bond was filed more than twenty days after the expiration of the term of court at which said cause was tried and therefore this court had no jurisdiction of said cause.

Thereafter, and on December 29, 1939, plaintiffs in error Leora Dyer Russell and husband again filed in the trial court an affidavit of inability to pay costs of writ of error or give security therefor; and on said date each of the surety defendants, except Lawyers Lloyds of Texas, filed in the trial court their respective applications for writ of error and their respective affidavits of inability to pay costs or give security therefor. Citations in error were issued out of the trial court on each of said applications on January 16, 1940, and

said citations were served on defendant in error Juanita Webb on January 19th and on the defendant in error Lincoln National Life Insurance Company on January 18th. The defendant in error Lincoln National Life Insurance Company was never served with citation in error issued on the application of any of the parties to this cause until January 18, 1940. On February 22, 1940, a transcript showing the proceedings had in the trial court in said cause, including those just above mentioned, was filed in this court, taking the number 2296.

Thereafter, on January 30, 1940, Lawyers Lloyds of Texas filed its application for writ of error in the trial court, together with a supersedeas bond; citation was issued thereunder and served on each of the defendants in error on the 7th day of February, 1940. Thereupon a transcript of the proceedings of the trial court, including those last above mentioned, was filed in this court, taking the number 2310. Thereafter it was agreed between the parties that said causes Nos. 2296 and 2310 should be consolidated and same were consolidated, by an order of this court, under the number 2310. There is no dispute of the fact that Leora Dyer Russell and husband, J. F. Russell, participated in person and by attorney in the actual trial of the case in the trial court.

▪ It is the settled law of this state that appeal by writ of error is not perfected until citation in error has been issued and served. upon the defendants in error. United Employers Casualty Co. v. McGee, Tex.Civ.App., 143 S.W.2d 653; United Employers Casualty Co. v. Skinner, Tex. Civ.App., 141 S.W.2d 955; Art. 2267, Vernon's Ann.Civ.Stats. Each defendant in error must have been duly served with citation in error before jurisdiction of the Court of Civil Appeals attaches in a cause brought up by writ of error. Ayers v. Alamo Lumber Co., Tex.Civ.App., 122 S. W.2d 208, and authorities there cited. It follows that the appeal of Leora Dyer Russell and husband to this court by writ of error could not be perfected until service of citation in error on their application for writ of error was had upon each of the defendants in error, this being on the 19th day of January, 1940, the date of the service of citation on Lincoln National Life Insurance Company. It is therefore apparent that the principal defendants Leora Dyer Russell and husband, not having taken all of the steps necessary to perfect their appeal by writ of error prior to January 2, 1940, and having participated in the actual trial of the cause in the trial court, come squarely within the terms of Article 2249a, as interpreted by this court in the case of United Employers Casualty Co. v. Skinner, 141 S.W.2d 955, in which writ of error was refused, and that therefore appeal by writ of error was not available to said principal defendants.

Unless precluded by the terms of Article 2249a, the surety defendants, other than Lawyers Lloyds of Texas, respectively perfected their appeals by writ of error on the 19th day of January, 1940, the date of completion of service of citation in error on each of defendants in error; and, unless likewise precluded, Lawyers Lloyds of Texas perfected its appeal by writ of error on February 7, 1940, by securing service on that date on each of defendants in error.

Defendants in error Juanita Webb and Lincoln National Life Insurance Company have filed their motions to dismiss this appeal.

It is the contention of those of plaintiffs in error who were sureties upon the replevy bond that they are entitled to review by this court through means of writ of error, because, they say, they did not participate, either in person or by attorney, in the actual trial of this case in the trial court; and therefore the provisions of Article 2249a do not apply to them.

On the other hand, defendants in error contend that the sureties upon said replevy bond could not participate in the actual trial of the case in the trial court prior to rendition of judgment, except as they participated through the principals on said bond and through the attorneys of the principals; and this being true, that these plaintiffs in error did participate in the actual trial through the principals on said bond and their attorneys. Defendants in error further urge that the plaintiffs in error, who were sureties on said bond, did participate in the actual trial of the case in the trial court because each of said surety defendants, upon the rendition of judgment, timely filed their motion for new trial in the trial court and were each represented in the trial court by their attorneys when said motion was presented to the court and when the same was overruled; and because each of them excepted and gave notice of appeal to this court.

It thus becomes necessary to construe the meaning and effect of Article 2249a as applied to this fact situation.

In the case of Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680, 683, the Supreme Court of this state said: "In construing statutes it is the duty of the court to ascertain the legislative intent, and, when such intent is once arrived at, it should be given effect; in fact, such intent is the law. In determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act; and this includes the caption, the body of the act, and the emergency clause. In this connection we hold that, even when the emergency clause cannot be given effect as such, still its provisions may be looked to if they aid the court in ascertaining the legislative intent."

Article 2249a was Senate Bill No. 69, Chapter 2, title Appeal and Error, Acts of the Regular Session of the 46th Legislature, and reads as follows:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

"Sec. 3. It is hereby provided that this Act shall take effect from and after January 1, 1940.

"Sec. 4. The need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error and the near approach of the end of the session creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is suspended and this Act shall take effect from and after its passage, and it is so enacted."

It is obvious that it was the intention of the legislature in enacting this law, to expedite appeals to the Courts of Civil Appeals.

In arriving at the intention of the legislature; the words used in the article under construction are presumed to have been chosen advisedly and in view of the legal definition of the words and terms used. In Section 1 of said Act the legislature used the word "participate," and did not use the phrase "engaged in." In the case of Head v. Hartford Accident & Indemnity Co., 10 Cir., 43 F.2d 517, the court drew a distinction between the words "engage" on the one hand and "participate" on the other, and held that the word "engage" means to take part in or be employed in and denotes more than a single act or single transaction and involves some continuity of action, while the word "participate" means simply to take or have a part or share in, and may apply equally to a single act or many acts.

The word "actual" is defined in Words & Phrases, Permanent Edition, Vol. 2, page 206, to mean: "real, as opposed to potential, possible, virtual, speculative, conceivable, theoretical, hypothetical, or nominal." On the same page it is again defined as: "something real, in opposition to constructive or speculative; something existing in fact."

The word "trial" has been defined as follows: "The expression * * * 'trial' includes all the steps taken in a case, from submission to the jury * * * to the rendition of the judgment." Price v. Seiger, Tex.Civ.App., 33 S.W.2d 519, 521.

"Trial court's consideration of motion for new trial made during preceding term was part of 'trial' of case, as regards time for filing findings of facts and conclusions of law." Johnson v. Woodruff, Tex. Civ.App., 42 S.W.2d 687.

"'Trial,' within meaning of statutes regulating judicial procedure, is not concluded as long as any phase of case is open for consideration." Rankin v. Nash-Texas Co., Tex.Civ.App., 58 S.W.2d 902.

Judge Greenwood, in the case of Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 899, 4 A.L.R. 613, has given a clear definition as to what constitutes a trial in the courts of this state in the following language: "Giving the word 'trial' its ordinary and accepted meaning in law of 'the judicial investigation and determination of the issues between parties' (Century Dictionary; 28 A. & E.Enc. of Law 636), it would just as much include the action of the court on a motion, presented immediately after an order had been rendered granting a new trial, to set aside such order, as it would include the action of the court in granting a new trial." Also

see Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Palmo v. Slayden & Co., 100 Tex. 13, 92 S.W. 796, 797, quoted in Pratley v. Sherwin-Williams Co., Tex.Com.App., 36 S.W.2d 195.

It has been held that sureties, by signing a replevy bond given for the delivery of sequestrated property, became, in a limited sense, parties to the suit; and neither notice nor pleading is required to support a judgment against them for the value of the property replevied. Burton v. Perry, Tex.Civ.App., 53 S.W.2d 795; Reliable Iron Works v. First State Bank & Trust Co., 241 S.W. 592; Harding v. Jesse Dennett, Inc., Tex.Civ.App., 17 S.W.2d 862; Clayton v. Stephenson, Tex.Civ.App., 254 S.W. 507.

The ordinary rule is that sureties upon a bond given to replevy property in a sequestration proceeding must leave the conduct of the litigation to, and abide by, the judgment rendered against the principal, for the reason that that is precisely what they undertake to do. Wandelohr v. Grayson County Nat. Bank, 102 Tex. 20, 108 S.W. 1154, 112 S.W. 1046; Garner v. Burleson, 26 Tex. 348; Siddall v. Goggan, 68 Tex. 708, 5 S.W. 668.

The surety defendants in this cause had the same notice, knowledge and opportunity to perfect their appeal without writ of error that the principal defendants in this case had. As to the principal defendants' method of appeal, the provisions of Article 2249a unquestionably apply. This equality of notice, knowledge and opportunity being present, does it not necessarily follow that these surety defendants should have reasonably used the ordinary method of appeal, rather than have resorted to writ of error? To hold otherwise would be to deny the meaning and effect of the plain language of the emergency clause of said law, which states the reason for its enactment: "The need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error."

Bearing in mind that it was obviously the intention of the legislature, in enacting Article 2249a, to expedite the appeal of civil cases to the Courts of Civil Appeals, and also bearing in mind that the surety defendants in this case were represented and participated in the actual trial of this case in the trial court to the extent that sureties on a replevy bond may be represented and may participate in the trial of their principal's case in the trial court before judgment in the absence of any pleadings of fraud or collusion (and there is no allegation of fraud or collusion in this case); and also taking into consideration that upon the rendition of judgment against them by the trial court, each of said surety defendants timely filed a motion for new trial and were represented by their attorneys in the trial court in the presentation of said motion for new trial, it is our opinion that said surety defendants did, within the purview of Article 2249a, participate in the actual trial of this cause in the trial court to a sufficient extent to bring themselves within its terms.

Since plaintiffs in error did not take, prior to the effective date of Article 2249a, all of the steps necessary to perfect their respective appeals by writ of error, and since, in our opinion, the terms of said article apply to each of plaintiffs in error, this court has no jurisdiction of this appeal, and the motions of defendants in error to dismiss the appeal should be, and are hereby granted; and the appeal of each of plaintiffs in error is dismissed.

TIREY, J., took no part in the consideration and disposition of this case.