## LAWYERS LLOYDS OF TEXAS v. WEBB et al.
### No. 2310.

Court of Civil Appeals of Texas. Waco.

Oct. 9, 1941.

Currie McCutcheon and Bruce Graham, both of Dallas, Gene Maddin, of Waco, Norton Fox, of Groesbeck, and Doss Hardin, of Dallas, for plaintiff in error.

L. W. Shepperd and B. L. Bradley, both of Groesbeck, for defendants in error.

RICE, Chief Justice.

J. F. Russell and wife, Leora Dyer Russell, filed this suit in the district court of

Limestone county against Juanita Webb and the Lincoln National Life Insurance Company in trespass to try title. Juanita Webb filed a cross action in trespass to try title against the plaintiffs, and procured a writ of sequestration to be issued out of said court and levied on the land involved. Thereupon plaintiffs, as principals, and T. A. Chapman, O. L. Wallard, A. E. McNairy, H. H. Thomason, A. J. Hargrove, J. P. Anderton, H. A. Dyer and Lawyers Lloyds of Texas, as sureties, executed a replevy bond, and the possession of said land was delivered to the plaintiffs on March 15, 1939, and by them retained until October 26th of said year.

The case was tried to a jury, but upon the completion of the evidence the trial court sustained Juanita Webb's general demurrer to plaintiffs' cause of action, and the jury, pursuant to the instruction of the court, returned its verdict in favor of Juanita Webb on her cross action, and on October 12, 1939, the court rendered judgment in favor of Juanita Webb and against plaintiffs for the title and possession of the land involved; that plaintiffs recover nothing against the Lincoln National Life Insurance Company; and that Juanita Webb recover of plaintiffs and the above mentioned sureties on the replevy bond, jointly and severally, the sum of $1972.13 and costs of court.

From the above mentioned judgment plaintiffs J. F. Russell and wife, Leora Dyer Russell, principals on the replevy bond, and the above named sureties thereon (the latter being hereinafter styled surety defendants) attempted to appeal to this court by writ of error. This court dismissed the appeal of each of said appellants on the theory that Article 2249a, Vernon's Ann.Civ.Stats., applied to the surety defendants as well as to the principals on said bond. See Lawyers Lloyds of Texas v. Webb, Tex.Civ.App., 150 S.W.2d 181.

The surety defendants alone appealed from the judgment of this court; and it was the judgment of the Supreme Court that this court committed error in dismissing the appeal of said surety defendants, and this cause was remanded to this court for further proceedings in accordance with the opinion of the Supreme Court. See Lawyers Lloyds of Texas v. Webb, 152 S.W.2d 1096.

■ The judgment of this court dismissing the appeal of Leora Dyer Russell and husband, J. F. Russell, principals on the replevy bond, was not appealed from by said principals on said bond, and therefore is final as to them. However, we again hold, as we have heretofore held (Lawyers Lloyds of Texas v. Webb, Tex.Civ.App., 150 S.W.2d 181), that the said Leora Dyer Russell and J. F. Russell failed to perfect their appeal by writ of error within the time prescribed by law (Art. 2249a, Vernon's Ann.Civ.Stats.), and the appeal of said last named plaintiffs in error is hereby dismissed.

■ The surety defendants have assigned as error the action of the trial court in rendering judgment against them for costs. We sustain this contention. Scott v. G. W. Waldrop & Co., Tex.Civ.App., 8 S. W.2d 552; Williams v. Walker, Tex.Civ. App., 290 S.W. 299.

■■ The remaining assignments of error urged by said surety defendants have been considered by us, and we are of the opinion that the same are without merit and said assignments are accordingly overruled. It appears to be the general rule that sureties upon a bond given to replevy property in a sequestration proceeding must leave the conduct of the litigation to, and abide by the judgment rendered against the principal, for the reason that this is what they undertake to do. Garner v. Burleson, 26 Tex. 348; Siddall v. Goggan, 68 Tex. 708, 5 S.W. 668; Wandelohr v. Grayson County Nat. Bank, 102 Tex. 20, 108 S.W. 1154, 112 S.W. 1046. The assignments above overruled question the correctness of the judgment rendered against the principals upon said bond. The judgment of the trial court is final as to these principals, and since the latter cannot now question the correctness of the judgment rendered against them, the sureties cannot. Wandelohr v. Grayson County Nat. Bank, supra.

■ Sureties on a replevy bond cannot, as a general rule, urge on appeal error committed against their principal in the trial which brought about the judgment against them. 38 Tex.Jur. 247.

Because of the error above mentioned, the judgment of the trial court is reformed to the extent that plaintiff is precluded from recovering costs of court from the above named surety defendants, and as reformed, said judgment is affirmed.

TIREY, J., took no part in the consideration and disposition of this case.