**PINKARD et al. v. HOBBS MFG. CO. et al.**

No. 14462.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 4, 1942.

Rehearing Denied Feb. 12, 1943.

Anderson & Dickson, of Sweetwater, for appellants.

Max K. Mayer and Herbert L. Tuchin, both of Fort Worth, for appellees.

BROWN, Justice.

One James H. Timmons executed and delivered to Hobbs Manufacturing Company a promissory note in the sum of $429, payable in monthly installments, and a chattel mortgage on a certain trailer to secure the payment thereof, together with interest and attorney's fees.

This transaction took place on May 8, 1940, and on November 20, 1940, Hobbs Manufacturing Co. brought suit in the County Court at Law No. 2 in Tarrant County (wherein the note was made payable), alleging the facts above and that no payment had been made on the note since its execution, and it sued for its debt, interest and attorney's fees, and sued out a writ of sequestration, had same placed in the hands of the sheriff of Nolan County, who took a trailer into his possession by virtue of such writ, and while it developed during the trial that such writ was lost, the sheriff's return, as entered on the file docket in the office of the County Clerk of Tarrant County, shows the following: "Came to hand on the 30th day of November, A. D. 1940, and executed the 30th day of Nov. 1940, by sequestrating the within described property and storing with Rigsby Transfer & Storage Co.: 1–30 ft. Hobbs Trailer with grain sides, less lower half of wheel 4–3447 tires & air brakes."

On November 30, 1940, Timmons made a replevin bond, with Harl W. Pinkard and M. C. Alston as sureties, which was approved by the sheriff on said date.

In order to shorten the opinion as much as possible, and, at the same time, give the facts on which the appeal rests, we observe that the description in the plaintiff's petition and in the affidavit and bond in sequestration, of the trailer in question, is identical, but that the description in the defendants' replevy bond is not absolutely identical, the difference being only as to the serial number of the trailer.

In addition to making a formal answer, the defendant on January 25, 1941, filed a cross-action against the plaintiff, in which he alleged that the plaintiff, on or about May 5, 1940, made a contract with him whereby the plaintiff agreed to lengthen a 20-foot trailer owned by him and make

it a 30-foot trailer, at and for a certain specified price, and asserted that the work done was not done in a good and workmanlike manner, and that the failure to do so had damaged him in the sum of $350; that the writ of sequestration was sued out by the plaintiff at a time when the plaintiff had neither facts nor probable cause to believe that the defendant would be guilty of any wrong in the use of the trailer, or any conduct in connection with the trailer, such as was alleged by the plaintiff in the affidavit for sequestration, and that by reason of plaintiff's wrongful conduct in suing out such writ and thus causing the officer to take possession of the trailer, defendant was deprived of its use until he had an opportunity to replevy it, and that he had been damaged in the further sum of $100 by the wrongful sequestration.

The cause was tried on or about December 17, 1941, before a jury, and only two issues submitted for determination, namely, (1) the reasonable cash market value of the complete trailer in question on November 30, 1940, and (2) such value on December 17, 1941. The jury answered the first issue, $429; and the second, $514; and at the direction of the trial court returned the following verdict as to the debt owed by Timmons: The sum of $541.48, with interest on the sum of $477.04 at the rate of 10% per annum, and with interest at 6% per annum on the sum of $64.44.

The defendant Timmons was represented by counsel but did not testify at the trial, and neither of the sureties on his replevy bond appeared at the trial.

The trial court rendered judgment for Hobbs Manufacturing Co. against Timmons in the said sum of $541.48, with foreclosure of its mortgage lien on the trailer described in the petition and mortgage, and also gave judgment for such plaintiff against the said sureties and the said principal, Timmons, in a like sum.

The judgment provides for an order of sale and for application of the proceeds to the payment of plaintiff's judgment and the excess, if any there be, be paid to Timmons, and that in the event the property does not sell for enough to satisfy the judgment, that execution issue as against Timmons and the two sureties for such deficiency. Furthermore, the court rendered judgment that the defendant take nothing against the plaintiff on his cross-action.

The sureties, Pinkard and Alston, bring the judgment before us by writ of error, and present thirteen points viz., error on the part of the trial court in rendering judgment against the sureties on the replevin bond because (1) plaintiff was not granted any foreclosure or other relief against the property described in the replevy bond, (2) because of the fatal variance between the property described in the replevy bond and the property described in the judgment, the plaintiff's petition and in the affidavit and bond for sequestration, (3) because neither the verdict nor judgment fixes the separate value of each item of property replevied, (4) because there is no evidence to support the jury's finding to special issue No. 1, (5) because there is no pleading to support said last mentioned finding, (6a) because there is no evidence to support the jury's finding to special issue No. 2, (6b) and no pleading to support such last mentioned finding, (7) because the jury found the value of the trailer to be $429 at the time of the execution of the replevy bond, and $514 on the date of the trial, while the court rendered judgment against the said sureties for $541.48, with interest, (8) because the court rendered judgment for the mere increase in the market value of the property after the execution of the bond, (9) because the judgment authorizes a deficiency judgment against the sureties after the property has been returned to the sheriff and sold under the mortgage, (10) because the replevy bond was not a statutory bond in that it was not conditioned as required by law, (11) because the judgment against the sureties is for interest, (12) and for attorney's fees, and (13) because plaintiff did not elect whether it wished to prove the value of the replevied property as of the date it was replevied or as of the time of the trial.

We see no merit in the first two points raised.

■■ Under the record before us, can it be fairly urged that there is any such fatal variance in the description of the property on which a foreclosure of plaintiff's lien is sought, the property sequestrated and subsequently replevied by the defendant?

The contention of these appellants appears to be that a different trailer was actually taken in his possession by the sheriff and replevied by the defendant from that described in the affidavit for the writ of sequestration and sought to be subjected to the satisfaction of plaintiff's debt, but no such contention was made when the case was tried. Such a point was not raised, either by pleading or proof.

In the record before us we find the defendant bringing suit against the plaintiff on a cross-action not bottomed on the fact that the plaintiff and the sheriff have seized the wrong property which he was compelled to replevy, but we find him in his pleading agreeing, to all intents and purposes, to the fact that the plaintiff has sequestered the right property, but that he is entitled to recover damages from the plaintiff because of the defective condition of the property brought about by a failure on the part of the plaintiff to construct the property in accordance with the contract made with him, alleging in detail how and why the work done was defective, and laying the damages sustained by him at $350, and in his second count we find the defendant alleging that the writ was sued out by the plaintiff when he had no facts on which to base the issuance of the writ and no probable cause to believe that the defendant would be guilty of any wrongful conduct which was set forth in support of the procurement of the writ, and that having sued out the writ under such facts the plaintiff deprived the defendant of the use of his trailer until such time as he had an opportunity to replevy it, and such wrongful conduct on the part of the plaintiff has damaged him to the extent of $100. Thus we are driven to the conclusion that the defendant has treated the replevied property as being the same trailer that the plaintiff seeks to subject to the satisfaction of the debt owed by defendant to plaintiff and on which the defendant gave plaintiff a chattel mortgage to secure the debt.

Had defendant been suing for the sequestrating of the wrong property, he would have bottomed his damages under the rule announced in such cases as Wheat v. Ball et al., Tex.Civ.App., 68 S.W. 181, and Kelly et al. v. Aransas Compress Co. et al., Tex.Civ.App., 91 S.W.2d 1156, and it is obvious that he did not attempt to do so.

■ Furthermore, as is said in Lawyers Lloyds of Texas v. Webb, Tex.Civ.App., 154 S.W.2d 867, 868: "It appears to be the general rule that sureties upon a bond given to replevy property in a sequestration proceeding must leave the conduct of the litigation to, and abide by the judgment rendered against the principal, for the rea-

son that this is what they undertake to do. Garner v. Burleson, 26 Tex. 348, Siddall v. Goggan, 68 Tex. 708, 5 S.W. 668; Wandelohr v. Grayson County Nat. Bank, 102 Tex. 20, 108 S.W. 1154, 112 S.W. 1046. The assignments above overruled question the correctness of the judgment rendered against the principals upon said bond. The judgment of the trial court is final as to these principals, and since the latter cannot now question the correctness of the judgment rendered against them, the sureties cannot. Wandelohr v. Grayson Co. Nat. Bank, supra."

■ Such a situation is presented here in the instant suit. The principal was represented in the trial by counsel when judgment was rendered against him and the sureties on his replevy bond, and he has not appealed from such judgment. It is therefore conclusive as against him.

It will be further observed that neither the principal nor the sureties questioned any of the proceedings in the trial court, either as to the liability of the principal or as to the liability of the sureties under the bond. C. R. Cummings & Co. et al. v. Masterson et al., 42 Tex.Civ.App. 549, 93 S.W. 500, writ denied; Reliable Iron Works et al. v. First State Bank & Trust Co., 241 S.W. 592.

■ The bond executed by these sureties is sufficient to support the judgment of the trial court and its validity cannot be further inquired into when raised for the first time on appeal.

■ It is the settled rule in this state that the sureties on a replevy bond in a sequestration proceeding cannot complain of errors committed against their principal on the trial of the suit on its merits. Harding et al. v. Jesse Dennett, Inc., et al., Civ. App., 17 S.W.2d 862, writ refused.

■ Furthermore, we hold that the trailer was sufficiently described regardless of the variance between the serial number as shown in the proceedings and documents brought into being by the plaintiff and that shown in the description given by the defendant in the replevy bond. As was held in the last cited case, we hold here that the property is otherwise described so as to be identified.

It is obvious that the description in the replevy bond was first written by the use of a typewriter in the identical words used by plaintiff in his petition, and in his affidavit and bond for sequestration and the only change that was made, as shown by the replevy bond, is that the serial number 3204 was marked out by running a line through same and the number 2004 written above the stricken number. In all other respects the description is identical.

Let it be remembered that this is not a suit where a standard trailer is involved. It is one over a standard 20-foot trailer that was remodeled and made into a 30-foot trailer at the instance and request of Timmons.

The sequestration writ is conspicuously absent from the record, but the sheriff's return thereon states that he took into his possession "the within described property", meaning without a doubt the property described in the writ, and, if we are permitted to indulge in an inference, because of the record as presented, we must infer that the clerk preparing the writ copied therein the identical description found in the plaintiff's petition, in the affidavit for the writ and in the sequestration bond.

The sheriff says by his return that such was the property taken into his possession by virtue of the writ, and it is obvious that the defendant replevied the property that was so taken.

There can be no doubt in our minds that the trailer in question is one and the same trailer on which the plaintiff did the remodeling for Timmons and on which he gave his note and the mortgage to secure its payment.

■ We observe that nowhere in the record have these appealing sureties attempted to have the trailer "forthcoming to abide the decision of the court". This was a duty laid upon them. American Mortgage Corporation et al. v. Samuell et al., 130 Tex. 107, 108 S.W.2d 193. It was their privilege to bring in the trailer and thereby either fully discharge their obligation under the bond or be, at least, partially protected from a judgment against them for its full value, as the circumstances might require.

While the authorities hold as we have pointed out supra in respect to the right of the sureties to question the proceedings against their principal, who has not questioned them, it is our opinion that the affidavit and bond in sequestration comply with the statutory requirements. White et al. v. Texas Motorcar & Supply Co., Tex. Com.App., 228 S.W. 138; Vernon's Texas Civil Statutes, Art. 6840.

544

■ There is no merit in the contention that neither the verdict nor judgment fixes the separate value of each item of property replevied.

In the first place, the sheriff's return as copied and entered in the file docket by the county clerk only shows that he took into his possession the 30 foot trailer "with grain sides, less lower half of wheel 4–3447 tires & air brakes".

This is the description of the trailer as it was when sequestrated by the officer.

The grain sides were as much a part of the complete trailer as were the wheels, the tires and the air brakes.

We hold that the grain boards and set of standard cattle ·sideboards were simply a part of the complete vehicle.

■ But aside from the holding set forth in the preceding paragraph, we do not see how the sureties could be hurt because the verdict and judgment was predicated on a finding of the value in gross.

The rule for a finding on each separate item is for the benefit of the defendant, and he is not here complaining. Cole v. Crawford et al., 69 Tex. 124, 5 S.W. 646.

And, as we said above, we do not find these sureties returning or requiring the return of any part of the sequestrated property "to abide the judgment of the court".

These well written opinions completely answer the appellants' contention: Avery et al. v. Popper, Tex.Civ.App., 45 S.W. 951, and Southern Surety Co. et al. v. Adams, 119 Tex. 489, 34 S.W.2d 789, Crenshaw et al. v. Staples, Tex.Civ.App., 173 S. W. 1184, and Hunter et al. v. B. E. Porter, Inc., et al., Tex.Civ.App., 81 S.W.2d 774.

There is no merit in any one of points 4, 5, 6a and 6b.

■ The sureties are liable for the value of the sequestrated property at the time of the trial.

■ When this suit was brought, Art. 6852 of the Texas Rev. Civil Statutes was in full force and effect.

Under the provisions of the Rules of Civil Procedure the trial court, in his discretion, could and did apply the rule as announced in the cited statute.

■ Furthermore, the defendant is not here complaining of the application of such rule to the case and these sureties will not be heard to do so on this appeal.

■ The proof shows that this property had enhanced in value between the date of the replevy and that of the trial. The plaintiff was entitled to the benefit of such increase. Watts et al. v. Overstreet, 78 Tex. 571, 14 S.W. 704, and Laseter et al. v. Hyde, Tex.Civ.App., 65 S.W.2d 388.

■ We hold that the evidence before the trial court is sufficient to support the findings made by the jury to special issues Nos. 1 and 2. Brookmole v. Kinchen, Tex. Civ.App., 253 S.W. 953.

No pleadings were necessary to lay a predicate for the submission of such issues.

■ We sustain the seventh, ninth, eleventh and twelfth points.

These sureties were liable for the value of the property at the time of the trial, as we have heretofore shown. The jury found this to be $514.

It therefore becomes necessary for us to reform and affirm the judgment of the trial court.

It is therefore ordered that the judgment be reformed and judgment is here rendered for appellee against appellants for the sum of $514 instead of for $541.48, as was rendered by the trial court.

All other assignments of error are overruled and the judgment of the trial court as reformed is affirmed.

■ The relief granted the appellants is so insignificant, when compared with the rights of appellee, that we feel constrained to tax all costs of appeal against the appellants and it is so ordered.